(911 P.2d 818)
No. 72,939

State of Kansas, *Appellee*, v. Scott M. Arculeo, *Appellant*.

Opinion filed February 16, 1996.

*Stephen J. Atherton*, of Atherton & Atherton, of Emporia, for appellant.

No appearance by appellee.

Before BRAZIL, C.J., ELLIOTT and RULON, JJ.

RULON, J.: Scott M. Arculeo, defendant, appeals his sentence resulting from his guilty plea to one count of attempted theft, K.S.A. 21-3701 and K.S.A. 21-3301, a level 10, nonperson felony. We affirm.

The facts of this case are not in dispute.

Defendant was originally charged with one count of theft of property valued at greater than $500 but less than $25,000. At the time he committed the crime he was out on bond awaiting sentencing in cases out of Butler and Coffey Counties. Pursuant to a plea agreement, defendant pled guilty to one count of attempted theft in exchange for the State's promise to recommend an 8-month sentence and not to seek any kind of durational departure. Neither party asked for a departure.

The district court sentenced defendant to 9 months in prison and 12 months' postrelease supervision. Given that the crime of conviction was a severity level 10 and defendant's criminal history was E, the presumptive sentence was 24 months of a nonprison sanction. K.S.A. 21-4704; K.S.A. 21-4611(c).

The sole issue before us is whether the sentencing court erred in finding that if a defendant commits a crime while on bond and awaiting sentencing in another case, the court has the authority to impose a prison sentence when the presumptive sentence is nonprison, without the sentence being a dispositional departure.

This case involves the interpretation of the Kansas Sentencing Guidelines Act and is thus a question of law. This court's scope of review on questions of law is unlimited. See *State v. Fierro*, 257 Kan. 639, 643, 895 P.2d 186 (1995).

Defendant argues the sentencing court erred in interpreting K.S.A. 21-4603d, and thus sentencing him to prison was a dispositional departure. According to defendant, because the court failed to find substantial and compelling reasons for departing, the court

erred under K.S.A. 21-4716, and his case must be remanded for resentencing. The State agrees with the defendant. We disagree with both parties.

This record shows that the sentencing court believed that because defendant was released on bond while awaiting sentencing in two cases from other counties, K.S.A. 21-4603d authorized the imposition of a prison sentence despite the fact that the presumptive sentence was nonprison.

K.S.A. 21-4603d(a) reads in relevant part:

"When a new felony is committed while the offender is incarcerated and serving a sentence for a felony or while the offender is on probation, assignment to a community correctional services program, parole, *conditional release*, or post-release supervision for a felony, a new sentence shall be imposed pursuant to the consecutive sentencing requirements of K.S.A. 21-4608, and amendments thereto, and the court may sentence the offender to imprisonment for the new conviction, even when the new crime of conviction otherwise presumes a nonprison sentence. In this event, imposition of a prison sentence for the new crime does not constitute a departure." (Emphasis added.)

The sentencing court reasoned that the bond imposed conditions and thus defendant was on conditional release. The record shows that defendant was not incarcerated, not on probation, not on assignment to community corrections, and not on parole or postrelease supervision. The only question presented is whether he was released on "conditional release."

Defendant correctly argues there is no definition of the phrase "conditional release" in Chapter 21 of the Kansas Statutes Annotated. However, he notes that K.S.A. 22-3718 indicates that conditional release refers to that period which is computed by subtracting an inmate's work and good behavior credits from his or her maximum sentence. "Conditional release releases the accused from parole supervision at the end of the maximum term, less work and good behavior credits earned, subject to rules and conditions of the parole board until expiration of the maximum term or until otherwise discharged." *Parker v. State*, 247 Kan. 214, 218, 795 P.2d 68 (1990).

In determining the meaning of a statute, " '[i]t is a fundamental rule of statutory construction, to which all other rules are subor-

dinate, that the intent of the legislature governs if that intent can be ascertained.' " *City of Wichita v. 200 South Broadway*, 253 Kan. 434, 436, 855 P.2d 956 (1993). This court has said that "[t]he legislature is presumed to understand the meaning of the words it uses and the procedures it establishes." *State Bank Commissioner v. Emery*, 19 Kan. App. 2d 1063, 1071, 880 P.2d 783 (1994). Criminal statutes are to be construed strictly against the State. *State v. Frazier*, 248 Kan. 963, 971, 811 P.2d 1240 (1991). "Words and phrases shall be construed according to the context and the approved usage of the language, but technical words and phrases, and other words and phrases that have acquired a peculiar and appropriate meaning in law, shall be construed according to their peculiar and appropriate meaning." K.S.A. 1995 Supp. 77-201 *Second*.

Arguably, because the term "conditional release" has been given a unique definition by the legislature, in the absence of any contraindication, it is presumed that the legislature meant to use the term as it has been used in Chapter 22 of the Kansas Statutes Annotated. Thus, in keeping with the doctrine of strict construction of penal statutes, conditional release would not include the time a defendant is on bond awaiting sentencing. If the legislature had intended such a meaning, it could have included such a condition in the statute.

However, in at least two places in Chapter 21 of the Kansas Statutes Annotated, the term "conditional release" is used in a way that suggests something other than early release from parole supervision.

K.S.A. 21-4619 reads in relevant part:

"(g) Whenever a person is convicted of a crime, pleads guilty and pays a fine for a crime, is placed on parole, postrelease supervision or probation, is assigned to a community correctional services program, is granted a suspended sentence *or is released on conditional release*, the person shall be informed of the ability to expunge the conviction." (Emphasis added.)

This language suggests that "conditional release" has a broader meaning because, in the context of this subsection of the statute, the individual has not been sentenced to prison and thus release from parole supervision is inapplicable.

K.S.A. 21-4721 reads in relevant part:

"(a) A departure sentence is subject to appeal by the defendant or the state. The appeal shall be to the appellate courts in accordance with rules adopted by the supreme court.

"(b) Pending review of the sentence, the sentencing court or the appellate court may order the defendant confined or placed on *conditional release*, including bond."

Once again, if the individual is being released pending a review of sentence, he or she could not be on release from parole supervision. Consequently, there is language in the statutes, specifically in Chapter 21, which indicates that "conditional release" can be construed to include being released on bond awaiting sentencing.

While penal statutes are to be strictly construed in favor of the accused and against the State, " '[t]his rule of strict construction concerning penal statutes is subordinate to the rule that judicial interpretation must be reasonable and sensible to effectuate legislative design and intent. *State v. Fowler*, 238 Kan. 213, 215, 708 P.2d 539 (1985).' " *State v. Heffelman*, 256 Kan. 384, 386, 886 P.2d 823 (1994).

"In order to ascertain the legislative intent, courts are not permitted to consider only a certain isolated part or parts of an act but are required to consider and construe together all parts thereof *in pari materia*. When the interpretation of some one section of an act according to the exact and literal import of its words would contravene the manifest purpose of the legislature, the entire act should be construed according to its spirit and reason, disregarding so far as may be necessary the literal import of words or phrases which conflict with the manifest purpose of the legislature." *State v. Gonzales*, 255 Kan. 243, Syl. ¶ 4, 874 P.2d 612 (1994).

Utilizing the above standards of review, we conclude that because of the context in which the phrase "conditional release" is used in Chapter 21, the legislature meant "conditional release" to include any situation where a defendant is released by the court under restrictive conditions.

Affirmed.