No. 72,939

STATE OF KANSAS, *Appellee*, v. SCOTT M. ARCULEO, *Appellant*.

933 P.2d 122

Opinion filed January 24, 1997.

*Stephen J. Atherton*, of Atherton & Atherton, of Emporia, was on the brief for appellant.

No appearance by appellee.

The opinion of the court was delivered by

DAVIS, J.: The defendant, Scott M. Arculeo, appeals from the trial court's prison sentence, claiming that the Kansas Sentencing Guidelines Act requires the imposition of a nonprison sanction. The Court of Appeals affirmed the trial court's decision that a prison sentence was the appropriate disposition because the defendant had committed his present crime while on conditional release under the provisions of K.S.A. 21-4603d(a). *State v. Arculeo*, 22 Kan. App. 2d 91, 911 P.2d 818 (1996). We granted the defendant's petition for review.

The facts in this case are undisputed and are set forth in the Court of Appeals' opinion. On May 5, 1994, the defendant was charged in Lyon County with felony auto theft, K.S.A. 21-3701, a severity level 9 nonperson felony. Pursuant to a plea agreement, the defendant pled guilty to attempted felony theft, K.S.A. 21-3301 and K.S.A. 21-3701, a severity level 10 nonperson felony. The parties stipulated to a criminal history category of E, which calls for a prison sentence of 7 to 9 months with a presumptive 24-month nonprison sanction under the Kansas Sentencing Guidelines Act. See K.S.A. 21-4701 *et seq.*

At sentencing, the trial court noted the presumptive nonprison sanction but also noted that the defendant was under bond supervision awaiting sentencing for a second conviction in Lyon County. Moreover, the trial court noted that the defendant was under bond supervision awaiting sentencing for two convictions in Butler County and a third in Coffey County. Relying on K.S.A. 21-4603d, the trial court construed the defendant's multiple appearance bonds pending sentencing to be a conditional release. Exercising its discretion under K.S.A. 21-4603d(a), the court sentenced the defendant to a 9-month prison term. The trial court based its decision upon the following statutory language:

"When a new felony is committed while the offender is incarcerated and serving a sentence for a felony or while the offender is on probation, assignment to a community correctional services program, parole, *conditional release*, or post-release supervision for a felony, a new sentence shall be imposed pursuant to the consecutive sentencing requirements of K.S.A. 21-4608, and amendments thereto,

*and the court may sentence the offender to imprisonment for the new conviction, even when the new crime of conviction otherwise presumes a nonprison sentence. In this event, imposition of a prison sentence for the new crime does not constitute a departure.* K.S.A. 21-4603d(a). (Emphasis added.)

## Court of Appeals' Decision

The undisputed facts establish that at the time defendant was sentenced in this case for attempted felony theft, he was on bond pending sentencing for other prior felony offenses. The Court of Appeals affirmed the trial court and held that because of the context in which the phrase "conditional release" was used in Chapter 21 of the Kansas Statutes Annotated, the legislature intended "conditional release" to include any situation where a defendant is released by the court under restrictive conditions. 22 Kan. App. 2d 91, Syl. ¶ 7.

Conditional release is not defined in Chapter 21 of the Kansas Statutes Annotated but has been defined in Chapter 22, K.S.A. 22-3718:

"An inmate who has served the inmate's maximum term or terms, less such work and good behavior credits as have been earned, shall, upon release, be subject to such written rules and conditions as the Kansas parole board may impose, until the expiration of the maximum term or terms for which the inmate was sentenced or until the inmate is otherwise discharged."

The Court of Appeals reasoned that because conditional release is defined by the Kansas Legislature in Chapter 22, it may be presumed that the legislature intended that such a definition be used in Chapter 21 absent any contraindications. Thus, the court stated, in keeping with the doctrine of strict interpretation of penal statutes, conditional release would not include the time a defendant is on bond awaiting sentencing; because if the legislature had intended the meaning the trial court used, it could have included such a definition in the statute. 22 Kan. App. 2d at 94.

However, the Court of Appeals found evidence that the legislature intended a broader meaning in Chapter 21 of the Kansas Statutes Annotated for the term conditional release than the definition in K.S.A. 22-3718. After examining K.S.A. 21-4619 and K.S.A. 21-4721, the Court of Appeals finally concluded the legis-

lature meant "conditional release" to include any situation where a defendant is released by the court under restrictive conditions. 22 Kan. App. 2d at 95.

The Court of Appeals first focused on K.S.A. 21-4619, regarding the expungement of certain convictions. It relied on subsection (g) as evidence of a legislative intent to expand the meaning of conditional release as used in K.S.A. 21-4603d(a). Subsection (g) provides:

"Whenever a person is convicted of a crime, pleads guilty and pays a fine for a crime, is placed on parole, postrelease supervision or probation, is assigned to a community correctional services program, is granted a suspended sentence or is *released on conditional release*, the person shall be informed of the ability to expunge the conviction." (Emphasis added.)

The Court of Appeals concluded that "[t]his language suggests that 'conditional release' has a broader meaning because, in the context of this subsection of the statute, the individual has not been sentenced to prison and thus release from parole supervision is inapplicable." 22 Kan. App. 2d at 94.

The problem with the above conclusion is that it fails to consider K.S.A. 21-4619 as a whole. K.S.A. 21-4619(a) provides that expungement of a conviction is only available if "three or more years have elapsed since the person (1) satisfied the sentence imposed; or (2) was discharged from probation, a community correctional services program, parole, postrelease supervision, *conditional release* or a suspended sentence." (Emphasis added.)

K.S.A. 21-4619 provides no basis for expanding the definition of the term conditional release as used in K.S.A. 21-4603d(a) to include situations where a defendant is on bond awaiting trial or sentence. In fact, just the opposite is true. Expungement is available 3 years after the defendant satisfies his or her sentence or 3 years after he or she was discharged from probation, a community correctional services program, parole, postrelease supervision, conditional release, or a suspended sentence. The definition of conditional release contained in K.S.A. 22-3718, which contemplates release from a term of confinement after sentence, is the only definition that fits under K.S.A. 21-4619.

The second statute relied on by the Court of Appeals to establish a legislative intent to expand the definition of conditional release is K.S.A. 21-4721, addressing departure sentences subject to appeal:

"(a) A departure sentence is subject to appeal by the defendant or the state. The appeal shall be to the appellate courts in accordance with rules adopted by the supreme court.

"(b) Pending review of the sentence, the sentencing court or the appellate court may order the defendant confined or placed on *conditional release*, including bond." (Emphasis added.)

As the Court of Appeals suggests, this meaning of conditional release differs from the statutory definition of post-sentence supervision found in K.S.A. 22-3718. However, K.S.A. 21-4721 fails to provide a basis for inferring that the legislature intended that "conditional release" as used in K.S.A. 21-4603d(a) covers a person released on bond awaiting sentence.

As used in K.S.A. 21-4721, the term conditional release refers to *post-sentence* release. At the time the defendant was sentenced in this case, he was on bond awaiting sentencing for other felonies. He had not been released post-sentence. Further analysis below undermines the Court of Appeals' conclusion that conditional release as used in K.S.A. 21-4603d includes "any situation where a defendant is released by the court under restrictive conditions." 22 Kan. App. 2d at 95.

Discussion and Analysis

This case presents a narrow issue of statutory interpretation. Interpretation of a statute is a question of law. An appellate court's review of a question of law is unlimited. See *State v. Donlay*, 253 Kan. 132, 133-34, 853 P.2d 680 (1993).

The question we are presented is whether the provisions of K.S.A. 21-4603d apply to an offender who commits a new felony while on bond pending sentencing for a prior felony, thereby authorizing a trial court in its discretion to impose a term of imprisonment when guidelines call for a nonprison sanction.

The provisions of K.S.A. 21-4603d deal with authorized dispositions for crimes committed on or after July 1, 1993. The defen-

dant's crime was committed after this date. The part of the statute we deal with in this opinion directs the district court to impose a consecutive sentence pursuant to the requirements of K.S.A. 21-4608 when the offender commits a new felony offense under the following six sets of circumstances: (1) while the offender is incarcerated and serving a sentence for a felony, (2) while the offender is on probation, (3) while the offender is assigned to a community correctional services program, (4) while the offender is on parole, (5) while the offender is on conditional release, and (6) while the offender is on post-release supervision for a felony. Under the above circumstances, K.S.A. 21-4603d(a) further provides:

"[T]he court may sentence the offender to imprisonment for the new conviction, even when the new crime of conviction otherwise presumes a nonprison sentence. In this event, imposition of a prison sentence for the new crime does not constitute a departure."

With the single exception of category (5), conditional release, the remaining five categories, (1), (2), (3), (4), and (6), all deal with circumstances where the new felony has been committed after the offender had been sentenced for a previous felony. We are reminded that the legislature has defined conditional release in K.S.A. 22-3718, which applies only to those persons who have been sentenced. Under these circumstances, it is difficult to conclude that the legislature intended conditional release in K.S.A. 21-4603d to mean something different than its definition contained in K.S.A. 22-3718. In fact, applying the definition contained in K.S.A. 22-3718 to the term conditional release as used in K.S.A. 21-4603d fits the statutory scheme set forth in K.S.A. 21-4603d, If the definition of conditional release set forth in K.S.A. 22-3718 applies, all six categories would then deal with a set of circumstances wherein the offender committed the new felony after he or she had been previously sentenced for a felony offense.

Expansion of the term "conditional release" as used in K.S.A. 21-4603d to include an offender who commits a new felony while released on bond pending sentence for a previous felony conviction is inconsistent with the statutory scheme of K.S.A. 21-4603d and contrary to the definition of conditional release in K.S.A. 22-3718.

The case of *State v. Reed*, 237 Kan. 685, 703 P.2d 756 (1985), addressed the question of when consecutive sentences are required to be imposed under the predecessor statute to K.S.A. 21-4608. While the new statute has been renumbered, the substance of the statute remains the same. *Reed* presents a slightly different factual situation than this case, but the court's reasoning provides guidance.

The defendant Reed committed two felonies after having been released on bond pending trial in a prior felony case. He came before the trial court for sentencing on the felony for which he had been previously released on bond as well as for the new felonies. The trial court held that 21-4608 required imposition of consecutive sentences because the defendant committed two felonies after having been released on bond pending trial in the first case. The Court of Appeals reversed, and the question before this court was whether 21-4608 required imposition of consecutive sentences.

K.S.A. 21-4608 contains the same language that is now at issue in K.S.A. 21-4603d. K.S.A. 21-4608 lists the same six categories set forth in K.S.A. 21-4603d and calls for consecutive sentences if an offender commits a new felony (1) while the offender is incarcerated and serving a sentence for a felony, (2) while the offender is on probation, (3) while the offender is assigned to a community correctional services program, (4) while the offender is on parole, (5) while the offender is on conditional release, and (6) while the offender is on post-release supervision for a felony. No argument was made in *Reed* that because the defendant was on bond awaiting trial, he should be considered to be on conditional release. *Reed* implicitly rejected such a conclusion by holding that a different section of the statute specifically covered a defendant who commits a new felony while on bond. 237 Kan. at 690.

*Reed* was decided on the basis of what is now K.S.A. 21-4608(d), which provides:

"Any person who is convicted and sentenced for a crime committed while on release for a felony pursuant to article 28 of chapter 22 of the Kansas Statutes Annotated shall serve the sentence consecutively to the term or terms under which the person was released."

*Reed* notes:

"K.S.A. 22-2801 *et seq.* covers release of persons charged with crime in three situations: (1) Release pending an appearance to answer charges; (2) release pending an appearance to testify; and (3) release pending appeal, when detention neither serves the ends of justice nor the public interest. . . . K.S.A. 22-2802 governs *release prior to trial.* K.S.A. 22-2804 covers release after conviction, where a defendant is either awaiting sentence or has filed a notice of appeal." 237 Kan. at 688.

*Reed* concluded: "[K.S.A. 21-4608(d)] applies where a person charged with a felony has been released on bond pending his appearance to answer the charges or to testify or pending an appeal following his conviction." 237 Kan. at 690.

The present statute we now consider, K.S.A. 21-4603d, does not contain the language relied on in *Reed* to cover a defendant released on bond. Notably absent from K.S.A. 21-4603d is the language contained in K.S.A. 21-4608(d), which specifically refers to article 28 of Chapter 22 of the Kansas Statutes Annotated and specifically covers a case like the one in this appeal where the new felony is committed while the defendant is on bond awaiting sentences in prior felonies. Had the legislature wanted an accused charged with a new crime while released on bond for a prior felony to be covered under the provisions of K.S.A. 21-4603d authorizing imposition of a prison sentence when the new crime of conviction otherwise presumes a nonprison sentence, it could have added the language contained in K.S.A. 21-4608(d).

We hold that a defendant who at the time of sentencing for a new felony had been released on bond pending sentence in a prior felony case, is not on conditional release as that term is used in K.S.A. 21-4603d. We further hold that the statutory provision in K.S.A. 21-4603d authorizing a court to sentence an offender to imprisonment for a new conviction even when the new crime of conviction otherwise presumes a nonprison sentence, does not apply to the defendant in this case, who committed a new felony while on bond pending sentence in a prior felony case.

Reversed and remanded for resentencing.