(954 P.2d 728)

No. 78,903

GARY E. KARLOWSKI, *Appellant*, v. CHARLES E. SIMMONS, SECRETARY OF CORRECTIONS, and MICHAEL A. NELSON, WARDEN, EL DORADO CORRECTIONAL FACILITY, *Appellees*.

Opinion filed February 20, 1998.

*Steven C. Sherwood*, of Legal Services for Prisoners, Inc., of El Dorado, for the appellant.

*Julie Riddle*, special assistant attorney general, of El Dorado, and *Carla J. Stovall*, attorney general, for the appellees.

Before LEWIS, P.J., RULON, J., and WAHL, S.J.

LEWIS, J.: Appellant appeals from the refusal of the trial court to convert his indeterminate sentence to one under the Kansas Sentencing Guidelines Act (KSGA).

We affirm.

In case No. 92-CR-1446, appellant was convicted of three felonies, all of which were committed prior to July 1, 1993. He was given a suspended sentence from these convictions and was released on terms consistent with probation.

In 1994, appellant was again convicted of several felonies in case No. 94-CR-434. After these convictions, the trial court revoked appellant's suspended sentence status in 92-CR-1446 and imposed the original indeterminate sentence in that case.

Appellant filed the current motion wherein he contends that when his probation was revoked, his sentence in 92-CR-1446 should have been converted to a 12-month sentence under the KSGA.

Appellant's argument is based upon a definition of the term "conditional release." Appellant argues that the probation he was placed on in 1992 is the same thing which is referred to as "conditional release" under the KSGA. We do not agree.

Appellant bases his argument on the provisions of K.S.A. 1993 Supp. 22-3717(f), which read as follows:

> "If an inmate is sentenced to prison for a crime committed after July 1, 1993, while on parole or conditional release for a crime committed prior to July 1, 1993, the old sentence shall be converted into a determinate sentence and will run consecutive to the new sentence as follows:
> (1) Twelve months for class C, D or E felonies or the conditional release date whichever is shorter;
> (2) 36 months for class A or B felonies or the conditional release date whichever is shorter."

In this case, appellant was not on parole or conditional release when sentenced for the 1994 crimes. Despite that fact, he argues we should equate his status on suspended sentence probation with that of an individual on conditional release. If we were to do so, he would have brought himself within the statute quoted above and would be entitled to have his 1992 sentences converted to a 12-month sentence under K.S.A. 1993 Supp. 22-3717(f).

We conclude there is no merit to defendant's argument. K.S.A. 22-3718 specifically defines conditional release as follows:

> "An inmate who has served the inmate's maximum term or terms, less such work and good behavior credits as have been earned, shall, upon release, be subject to such written rules and conditions as the Kansas parole board may impose, until the expiration of the maximum term or terms for which the inmate was sentenced or until the inmate is otherwise discharged."

The Kansas Supreme Court in *State v. Arculeo*, 261 Kan. 286, 933 P.2d 122 (1997), reversed the Court of Appeals' decision that would have supported appellant's argument in this case. In that decision, the Supreme Court held:

"Expansion of the term conditional release as used in K.S.A. 21-4603d to include an offender who commits a new felony while released on bond pending sentence for a previous felony conviction is inconsistent with the statutory scheme of K.S.A. 21-4603d and contrary to the definition of conditional release in K.S.A. 22-3718." 261 Kan. 286, Syl. ¶ 3.

The court defined conditional release as it is set out in K.S.A. 22-3718, holding:

" 'Conditional release' applies to an inmate who has served the inmate's maximum term or terms, less such work and good behavior credits as have been earned, and who shall, upon release, be subject to such written rules and conditions as the Kansas Parole Board may impose, until the expiration of the maximum term or terms for which the inmate was sentenced or until the inmate is otherwise discharged. K.S.A. 22-3718." 261 Kan. 286, Syl. ¶ 2.

The court stated: "[I]t is difficult to conclude that the legislature intended conditional release in K.S.A. 21-4603d to mean something different than its definition contained in K.S.A. 22-3718." 261 Kan. at 291.

We hold that being on suspended sentence probation is not the equivalent of being on conditional release. Conditional release can only occur after an individual has been incarcerated, has served his or her time, and has been released from incarceration. Appellant was on probation under a suspended sentence. He had not served any time in incarceration, and he was not on conditional release.

In addition, in 1994, K.S.A. 1993 Supp. 22-3717(f) was amended and the term probation was added to the statute. It now reads as appellant would have us believe it should have been construed to read in 1992. The change in the language of or addition of the word to a statute generally indicates that the legislature intended to change the statute by that action. "When the legislature revises an existing law, it is presumed that the legislature intended to change the law as it existed prior to the amendment." *State v. Clint L.*, 262 Kan. 174, Syl. ¶ 2, 936 P.2d 235 (1997). Accordingly, we conclude that probation of any kind was not included in the statute prior to its amendment.

We hold that the trial court correctly held that conditional release as defined in K.S.A. 1993 Supp. 22-3717(f) did not include

being on probation from a suspended sentence and that it did not err in denying the motion for conversion.

Affirmed.