(959 P.2d 476)
No. 76,851

STATE OF KANSAS, *Appellee*, v. TOMMIE T. JOHNSON, *Appellant*.

Opinion filed May 15, 1998.

*Rick Kittel*, assistant appellate defender, *Teodoro Garcia*, student intern, and *Steven R. Zinn*, deputy appellate defender, for appellant.

*Elizabeth Rogers*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before ROYSE, P.J., ROGG, S.J., and JAMES J. SMITH, District Judge, assigned.

ROYSE, J.: Tommie T. Johnson appeals his convictions on five counts of criminal possession of a firearm under K.S.A. 21-4204(a)(3). Johnson argues that there was insufficient evidence to support the verdict and that the district court erred in instructing the jury. We find no error and affirm.

Johnson was convicted of violating K.S.A. 21-4204(a)(3). That subsection prohibits

"possession of any firearm by any person who, within the preceding five years has been convicted of a felony, other than those specified in subsection (a)(4)(A), under the laws of Kansas or a crime under a law of another jurisdiction which is

substantially the same as such felony, has been released from imprisonment for a felony or was adjudicated as a juvenile offender because of the commission of an act which if done by an adult would constitute the commission of a felony, *and was found not to have been in possession of a firearm at the time of the commission of the offense."* (Emphasis added.)

Johnson had been convicted of a burglary within the prescribed 5-year period. He argues on appeal, however, that the State failed to prove he was found not to have been in possession of a firearm at the time of the commission of that burglary. He also argues on appeal that the district court erred by failing to include in its instruction defining criminal possession of a firearm the essential element that Johnson was found not to have been in possession of a firearm at the time of the commission of the prior offense.

Both of Johnson's arguments require an interpretation of 21-4204(a)(3). Interpretation of a statute is a question of law subject to unlimited review on appeal. *State v. Arculeo,* 261 Kan. 286, Syl. ¶ 1, 933 P.2d 122 (1997).

Johnson cites *State v. Loudermilk,* 221 Kan. 157, 557 P.2d 1229 (1976), to support his argument. The court in *Loudermilk* concluded that the State did not have to present evidence to the jury of a prior conviction under the statute in order to convict a defendant under K.S.A. 1975 Supp. 65-4127a. 221 Kan. at 161. A later case, *State v. Caldwell,* 21 Kan. App. 2d 466, 901 P.2d 35, *rev. denied* 258 Kan. 859 (1995), is more helpful in examining Johnson's arguments. Caldwell addressed nearly identical arguments in regard to a conviction for a "drive-by shooting" under K.S.A. 1993 Supp. 21-4219(b). That statute defines criminal discharge of a firearm as the malicious, intentional, and unauthorized discharge of a firearm at a dwelling, building, structure, or means of conveyance in which there is a human being *who was not placed in immediate apprehension of bodily harm.* This court determined in *Caldwell* that the State is not required to present affirmative proof of the absence of an immediate apprehension of bodily harm in order to secure a conviction under 21-4219(b). 21 Kan. App. 2d at 472.

In arriving at this conclusion, *Caldwell* reiterated the rules of statutory interpretation:

" '[T]he legislature is presumed to intend that a statute be given a reasonable construction, so as to avoid unreasonable or absurd results.' *Todd v. Kelly*, 251 Kan. 512, 520, 837 P.2d 381 (1992). Although our criminal statutes are construed strictly against the State, *State v. JC Sports Bar, Inc.*, 253 Kan. 815, 818, 861 P.2d 1334 (1993), this rule is subordinate to the rule that judicial interpretation must effectuate legislative design and the legislature's true intent. *State v. Schlein*, 253 Kan. 205, 215, 854 P.2d 296 (1993)." 21 Kan. App. 2d at 470.

*Caldwell* then focused on the purpose of the statute: to ensure that a drive-by shooting was always a felony offense, regardless of the victim's state of mind. The court noted:

"This purpose would not be achieved if the State must prove the lack of immediate apprehension of bodily harm beyond a reasonable doubt because, where the evidence of apprehension is mixed and a doubt exists as to that element, the perpetrator of a drive-by shooting could not be convicted of either offense [criminal discharge of a firearm or aggravated assault]." 21 Kan. App. 2d at 471.

Finally, *Caldwell* analogized the issue before it to the treatment of premeditation under the prior first-degree and second-degree murder statutes. Before 1992, first-degree murder required premeditation or the commission of a felony, while second-degree murder expressly required the killing to be without premeditation. K.S.A. 21-3401 (Ensley 1988); K.S.A. 21-3402 (Ensley 1988).

"In construing these statutes, Kansas courts have not required the State to affirmatively prove the absence of premeditation beyond a reasonable doubt to convict a defendant of second-degree murder. Instead, the statutes have been construed to mean that second-degree murder was the appropriate charge *in the absence of affirmative proof* establishing premeditation beyond a reasonable doubt." 21 Kan. App. 2d at 471-72.

See, *e.g.*, *State v. Webber*, 260 Kan. 263, 279-80, 918 P.2d 609 (1996); *State v. Carpenter*, 228 Kan. 115, 126, 612 P.2d 163 (1980).

K.S.A. 21-4204 reflects a legislative intent to prohibit the possession of firearms by certain convicted felons. As it appeared prior to 1990, the statute prohibited any felon from possessing a firearm with a barrel less than 12 inches long for a 5-year period. K.S.A. 21-4204 (Ensley 1988). Subsequently, the legislature broadened the prohibition to include any firearm. See L. 1994, ch. 348, § 4. Another change extended the prohibition to 10 years for some felons and to an unlimited period for others. See L. 1990, ch. 102, §

2. In its present version, 21-4204 extends the period during which possession of a firearm is prohibited to 5 years, 10 years, or an indefinite period, depending upon the nature of the prior felony conviction and whether the defendant possessed a firearm during the prior felony. Under the scheme now established in 21-4204, the legislature clearly intended that either a 5-year or a 10-year period would apply in the absence of affirmative proof establishing that the defendant was found to have been in possession of a firearm at the time of the commission of the prior offense.

Under the terms of 21-4204, Johnson's conviction for a person felony, burglary, subjected him to an indefinite prohibition on possessing firearms, if he was found to have been in possession of a firearm at the time he committed the burglary. K.S.A. 21-4204(a)(2). In the absence of affirmative proof that he possessed a firearm during the prior burglary, however, Johnson was prohibited from possessing a firearm for only a 5-year period. K.S.A. 21-4204(a)(3). If there was uncertainty about whether he was found to have been in possession of a firearm at the time of the burglary, then Johnson's contention would permit him to avoid the prohibition altogether. Requiring the State to prove a defendant was not found to have been in possession of a firearm at the time of his prior conviction would require the State to prove a negative and would create a gap in the statutory scheme inconsistent with the legislature's purpose.

Finally, the subsections of 21-4204(a) which prohibit possession of firearms by a convicted felon all carry the same severity level. K.S.A. 21-4204(c). Thus, a defendant who was convicted of a felony within the preceding 5 years will not be prejudiced by the State's decision to pursue a charge under 21-4204(a)(3) rather than 21-4204(a)(2) or 21-4204(a)(4).

For all these reasons, we conclude that where the State charges a defendant under 21-4204(a)(3), the State has no obligation to present proof that the defendant was found not to have been in possession of a firearm at the time of the commission of the prior felony. Because Johnson's argument fails, there was sufficient evidence to support the guilty verdict on five counts of criminal possession of a firearm.

Johnson's second argument on appeal concerns the jury instructions. The district court, without objection, instructed the jury in accord with PIK Crim. 3d 64.06. Johnson argues on appeal that the district court erred by failing to instruct the jury that the State must prove beyond a reasonable doubt that Johnson was found not to have been in possession of a firearm during the commission of his prior felony. Because we have rejected the premise of this argument above, this argument must also fail. The district court did not err in its instructions to the jury.

Affirmed.