**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 14 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAMES T. LEVIER,

    Petitioner - Appellant,

v.

LOUIS BRUCE, Warden, Hutchinson
Correctional Facility; ATTORNEY
GENERAL OF THE STATE OF
KANSAS,

    Respondents - Appellees.

No. 02-3054
D.C. No. 01-CV-3302-DES
(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

James T. LeVier, appearing *pro se*, seeks a Certificate of Appealability ("COA") pursuant to 28 U.S.C. § 2253(c) to appeal the district court's denial of his petition for habeas corpus.[1] The district court denied Mr. LeVier's habeas petition for failing to exhaust his state court remedies, and also denied his request for a COA. Exercising jurisdiction under 28 U.S.C. § 2253(c), we deny his renewed application for a COA.

Mr. LeVier was convicted of second degree murder in January 1978. In 1990, we issued a writ of habeas corpus reversing his conviction. He was retried, found guilty of voluntary manslaughter, and sentenced to ten to forty years imprisonment. The sentence was deemed to have commenced May 1, 1977, the day he was initially arrested for his criminal conduct. In 1997, Mr. LeVier filed a state habeas corpus petition, alleging *ex post facto* application of regulations affecting his good time credits, and thereby extending his conditional release date. His state habeas petition was successful; a state district court ordered all withheld good time credits applied to Mr. LeVier's conditional release date. He was conditionally released from prison on May 12, 1997.[2]

---

[1] We note the district court treated Mr. LeVier's habeas petition as falling under 28 U.S.C. § 2254. However, because Mr. LeVier's challenge goes to the execution of his sentence, rather than its validity, we treat his petition as if filed under 28 U.S.C. § 2241. *Montez v. McKinna*, 208 F.3d 862, 864-65 (10th Cir. 2000).

[2] On May 8, 1997, the district court issued an Order For Temporary Injunction releasing Mr. LeVier from incarceration, and reserving ruling on his

In June 1998, Mr. LeVier was re-incarcerated for violating the terms of his conditional release.[3] Mr. LeVier then filed another state habeas action, claiming his twenty years of incarceration, combined with twenty years of accumulated good time credits obtained under the regulations in effect at the time he committed his crime, constituted a complete discharge of his forty-year prison term, and therefore he should no longer be subject to any conditions or controls by the state. The state district court denied relief, and the state court of appeals affirmed. Mr. LeVier did not seek review by the Kansas Supreme Court. He did file a mandamus action in state district court seeking to enforce the order resulting from his 1997 habeas corpus petition, and compel the prison authorities

constitutional challenge to changes in the allocation of good time. On August 25, 1998, the district court issued an order finding the withholding of good time in computing his conditional release date was an unconstitutional, *ex post facto,* regulation. The district court reestablished his conditional release date to what it would have been absent the unconstitutional withholding of good time: May 1, 1997.

[3] In *Karlowski v. Simmons,* 954 P.2d 728, 730 (Kan. App., 1998), the Kansas Court of Appeals stated:

> K.S.A. 22-3718 specifically defines conditional release as follows: 'An inmate who has served the inmate's maximum term or terms, less such work and good behavior credits as have been earned, shall, upon release, be subject to such written rules and conditions as the Kansas parole board may impose, until the expiration of the maximum term or terms for which the inmate was sentenced or until the inmate is otherwise discharged.'

to release him. That action was dismissed as an inappropriate remedy. Mr. LeVier did not appeal the dismissal.

In his federal habeas action, Mr. LeVier claimed he was unlawfully incarcerated because, with his good time credits, he had fully served his state sentence, and argued that he should be excused from the federal habeas corpus exhaustion requirements. After considering Mr. LeVier's objections, the district court adopted the recommendation of the magistrate judge and denied the petition, reasoning that Mr. LeVier's failure to timely appeal the adverse state court decisions prevented full exhaustion of his claims, thereby constituting a procedural default barring federal habeas review of his claims. The district court concluded Mr. LeVier did not show good cause excusing the default, together with actual prejudice, or demonstrate a manifest injustice.

In order to appeal the denial of his § 2241 petition, Mr. LeVier must obtain a Certificate of Appealability (*Montez* at 869), which may issue only if he makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a habeas petition on procedural grounds, a COA will issue when jurists of reason would find it debatable both whether the district court was correct in its procedural ruling, and whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As will be discussed below, after a review

of the record and applicable law, it is clear that "jurists of reason" would not debate the propriety of the district court's decision to sustain the procedural bar.

Like habeas petitions filed under 28 U.S.C. § 2254, exhaustion of state remedies is a predicate to § 2241 petitions. *See Montez* at 866. Here, Mr. LeVier failed to appeal the denial of his second state habeas petition to the Kansas Supreme Court, as well as his unsuccessful mandamus action to the Kansas Court of Appeals.[4] Thus, he failed to fully exhaust his state court remedies. Mr. LeVier merely claims it would have been futile to appeal these unfavorable decisions, but makes no showing of futility.

Where, as here, full exhaustion is precluded by the petitioner's failure to timely appeal the adverse state decisions, he is barred from federal habeas review of his claims.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual

---

[4] Mr. LeVier had thirty days to seek discretionary review by the Kansas Supreme Court of the Court of Appeals decision upholding the denial of his habeas petition. KAN. STAT. ANN. § 20-3018(b). In order to exhaust his state court remedies on this issue, Mr. LeVier was required to present his claims to the Kansas Supreme Court in a petition for discretionary review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40, 847 (1990). His failure to seek discretionary review constitutes a procedural default on those claims. *Id.* at 848. Also, Mr. LeVier had thirty days to appeal as a matter of right the district court's denial of his mandamus action. KAN. STAT. ANN. § 60-2103(a); KAN. STAT. ANN. § 60-2102(a)(2).

prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).[5]

Mr. LeVier claims the failure to review his habeas petition on the merits will result in a fundamental miscarriage of justice. However, he may not invoke the fundamental miscarriage of justice exception to his procedural default, because no showing has been made, nor is there any indication, that he was actually innocent and his conviction resulted from a constitutional violation. Further, Mr. LeVier's mere recitation of futility is insufficient to demonstrate a valid cause for his default. Therefore, as the district court correctly found, Mr. LeVier's procedural default barred review on the merits of his federal habeas claim.

For the reasons stated, Mr. LeVier's application for a Certificate of Appealability is **DENIED**, and this case is **DISMISSED**.

**Entered for the Court:**

**TERRENCE L. O'BRIEN**
United States Circuit Judge

---

[5] The miscarriage of justice exception requires a "habeas petitioner to show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).