NOT DESIGNATED FOR PUBLICATION

No. 124,256

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTONIO MARK JOHNSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed December 2, 2022. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before WARNER, P.J., GREEN and HILL, JJ.

PER CURIAM: In this direct criminal appeal, Antonio Mark Johnson appeals his conviction for criminal possession of a firearm by a felon. He claims insufficient evidence, jury instruction error, the statute violates the Kansas Constitution, and prosecutor error in the closing argument. After reviewing the record, none of Johnson's claims are reversible, although there is a record of prosecutor error. It was harmless. We affirm his conviction.

1

*There is no real dispute about the facts giving rise to the charges.*

While parked in their patrol car, in October 2019, Detective David Inkelaar and Sergeant Chad Cooper heard a single gunshot. They saw a man—later identified as Antonio Mark Johnson—holding a shotgun walking towards the parking lot where they were parked. They got out of their patrol car and ordered Johnson to put the gun down and get on the ground. Johnson complied and was taken into custody.

The State later charged Johnson with criminal possession of a weapon by a felon and unlawful discharge of a firearm in a city. The case was submitted to a jury in June 2021. Detective Inkelaar and Sergeant Cooper testified to what they heard, what they saw, and why they arrested Johnson.

The State also called Parma Quenzer, a witness who first told the police she saw Johnson carrying a shotgun. But Quenzer testified she could not remember seeing Johnson or speaking with the police because she was high on drugs at the time. A third officer interviewed Quenzer at the scene. He testified that she said she heard two or three gunshots, saw a Hispanic man carrying a gun, and identified Johnson as the man she saw at the scene.

The jury found Johnson guilty of criminal possession of a weapon, but acquitted him of unlawful discharge of a firearm in a city. The court sentenced Johnson to 19 months in prison.

*There is sufficient evidence to support this conviction.*

To understand Johnson's argument, we must first review the statute that is the basis for his charge: K.S.A. 2019 Supp. 21-6304(a). The law provides a context for his argument.

The statute says:

> "(a)  Criminal possession of a weapon by a convicted felon is possession of any weapon by a person who:
>
> . . . .
>
> (2) within the preceding five years has been . . . adjudicated as a juvenile offender because of the commission of an act which if done by an adult would constitute the commission of a felony, *and was not found to have been in possession of a firearm at the time of the commission of the crime*." (Emphasis added.) K.S.A. 2019 Supp. 21-6304(a)(2).

We highlight the second portion of the statute because that section is at the heart of Johnson's argument. Essentially, he is arguing that the State failed to present sufficient evidence in this prosecution that he did not have a firearm in his possession when he, as a juvenile, committed his prior crime. In other words, the State failed to prove an element of his offense—that he did not have a gun in his possession when he committed his first crime.

After considering the arguments of the parties and reviewing the record, we hold that Johnson's argument is a matter of statutory interpretation and not an ordinary insufficient evidence argument. In so holding, we embrace the analysis of this statute presented by another panel of this court in *State v. Johnson*, No. 121,187, 2020 WL 5587083, at *3-4 (Kan. App. 2020) (unpublished opinion) *rev. denied* 313 Kan. 1044 (2021).

The statute, K.S.A. 2019 Supp. 21-6304(a), prohibits felons from possessing a weapon. But it does not create an absolute ban for all felons for all times. As time passes, some felons can legally possess weapons under this law. But it depends on certain facts of their prior convictions. The statute does begin with a total ban and then relaxes with the passage of time according to the circumstances of their convictions.

3

Under the first section of the statute, offenders may *never* possess a weapon if they have ever been convicted of a person felony (or a substantially identical crime to one Kansas classifies as a person felony) and "was found to have been in possession of a firearm" when that prior crime was committed. K.S.A. 2019 Supp. 21-6304(a)(1). This section creates a ban from possessing weapons if you possess a weapon while committing your prior person crime. Thus, the State—when prosecuting such an offense—must prove the prior crime was a person felony conviction and the offender possessed a weapon while committing the crime. Two elements must be proved—the prior crime—and the possession of a firearm while committing that crime.

Moving on, the statute begins to gradually relax restrictions on weapons. A defendant may not possess a weapon *for 10 years* from a felony conviction of one of several enumerated violent crimes, or if a nonperson felony was committed while the defendant was in possession of a firearm. K.S.A. 2019 Supp. 21-6304(a)(3). Under this section, the State must prove the prior conviction was one of the enumerated crimes or that the prior crime was a nonperson felony. Of course, the State must also prove that the offender possessed the weapon within the 10-year limitation period.

Next, offenders may not possess a weapon *for five years* from a felony conviction for all felonies that do not fall into one of those other categories—in other words, when they have been convicted of an otherwise unlisted felony while not in possession of a firearm. K.S.A. 2019 Supp. 21-6304(a)(2). This section also applies if the offenders have been adjudicated as juvenile offenders. That is, if their crimes would constitute a felony if they had been committed by an adult and offenders did not possess a firearm at the time of the commission of the crime. To convict under this section, the State must prove the offender possessed a weapon and must also prove the prior felony conviction—or juvenile adjudication—as is the case here, had occurred within five years. The State need not prove the absence of a firearm for the prior crime. That is simply not an element that

4

must be proved. Johnson's argument about insufficient evidence fails under our interpretation of the statute.

Our holding tracks prior appellate rulings. Interestingly, in the cases we discuss below, the defendants' last names are Johnson.

In *State v. Johnson*, 25 Kan. App. 2d 105, 959 P.2d 476 (1998), the defendant was convicted of violating K.S.A. 21-4204(a)(3)—the predecessor of K.S.A. 2019 Supp. 21-6304(a)(2). The defendant argued the State failed to prove he was not found to be in possession of a firearm when he committed his prior felony. The court ultimately held that when the State charges a defendant with criminal possession of a firearm by a felon, the State does not have to prove the defendant was not found to be in possession of a firearm when the prior felony was committed. The panel explained its reasoning for rejecting the defendant's argument:

> "If there was uncertainty about whether he was found to have been in possession of a firearm at the time of the burglary, then Johnson's contention would permit him to avoid the prohibition altogether. Requiring the State to prove a defendant was not found to have been in possession of a firearm at the time of his prior conviction would require the State to prove a negative and would create a gap in the statutory scheme inconsistent with the legislature's purpose." 25 Kan. App. 2d at 108.

Later, in *Johnson*, 2020 WL 5587083, at *3-4, as we have noted, the panel analyzed K.S.A. 2019 Supp. 21-6304(a) as a whole and explained that anyone convicted of a felony is prohibited from possession of a weapon for five years. As time passes from the date of the felony conviction, the prohibition applies to fewer offenders—after 5 years, it only applies to individuals convicted of certain felonies; after 10 years, it only applies to individuals convicted of person felonies who possessed a firearm at the time.

That panel explained that only three years passed from when Johnson was convicted of a felony and when he was charged with criminal possession of a weapon. Thus, he still committed criminal possession of a weapon regardless of whether he possessed a firearm when he committed the initial felony. In other words, the court found that there was sufficient evidence to show he was a felon and he possessed a firearm and thus fell within the reach of the statute. *Johnson*, 2020 WL 5587083, at *3-4.

The unpublished *Johnson* court then rejected the defendant's argument that the State had to prove he was not found to be in possession of a firearm when he committed his first felony. The panel cited *Johnson*, 24 Kan. App. 2d at 108, and said Kansas courts have long rejected the argument, finding the State need not prove a negative. 2020 WL 5587083, at *4.

If we apply this reasoning to the facts here, we have but one conclusion. Johnson was charged with criminal possession of a weapon within five years of his juvenile adjudication. Johnson was prohibited from possessing a firearm and it did not matter if he had a gun when he committed his juvenile crime. We reject Johnson's argument that there was insufficient evidence supporting his conviction for criminal possession of a weapon by a felon.

*The jury instruction given was proper.*

Following his argument about the State's failure to prove an element of the charge, Johnson argues that the district court failed to adequately instruct the jury about the criminal possession of a weapon charge because the court did not instruct the jury it had to find that Johnson was not found to be in possession of a firearm at the time of his prior juvenile adjudication.

For that charge, the trial court instructed the jury as follows:

6

"The defendant is charged with criminal possession of a firearm by a convicted felon. The defendant pleads not guilty.

"To establish this charge, each of the following claims must be proved:

1. That the defendant possessed a firearm.

2. The defendant within five years preceding such possession has been adjudicated a juvenile offender for an act which if done by an adult would constitute the commission of such felony, to-wit: Battery of a Law Enforcement Officer.

3. This act occurred on or about the 18th day of October 2019, in Sedgwick County, Kansas."

Johnson did not object to the jury instruction at trial. Thus, we will only reverse if the instruction was clear error. See K.S.A. 2021 Supp. 22-3414(3). For a jury instruction to be clearly erroneous, it must be legally or factually inappropriate and the court must be firmly convinced the jury would have reached a different verdict if the erroneous instruction had not been given. The party claiming clear error has the burden to show both error and prejudice. *State v. Crosby*, 312 Kan. 630, 639, 479 P.3d 167 (2021).

Johnson argues the jury instruction was clearly erroneous because there is a real possibility that the outcome would have been different if the correct jury instruction was given. He notes the only evidence of his juvenile adjudication was the journal entry which merely listed the statute and did not include factual information. Johnson asks this court to reverse and remand for a new trial with legally correct instructions.

The State argues that the jury instruction was not erroneous. The State cites the unpublished *Johnson* case, which involved the same issue. The court in that case found that the defendant's argument "was not an accurate statement of Kansas law or the State's burden of proof." 2020 WL 5587083, at *4. The State argues that because it need not prove that Johnson was found not to have been in possession of a firearm when he committed his prior crime, including such language in the elements instruction would be

improper. The State asserts that even if that language should have been included in the instruction, Johnson cannot show that the jury would have reached a different verdict had it been included.

Johnson has not shown us that the jury instruction was clearly erroneous. As noted above, other panels of this court have held that the State need not prove that a defendant was not found to be in possession of a firearm at the time of his prior juvenile adjudication to sustain a conviction for criminal possession of a firearm. See *Johnson*, 25 Kan. App. 2d at 108; *Johnson*, 2020 WL 5587083, at *3. And Johnson has not shown that the outcome of the trial would have been different if the jury instruction was given the way he proposes.

We will not reverse based on instruction error.

*We will not consider Johnson's constitutional argument.*

On appeal, Johnson argues that "K.S.A. 21-6301(a)(2)(A)(ii)" is unconstitutional. No such statute exists. Johnson later says the statute at issue is K.S.A. 2019 Supp. 21-6301(a)(2). Johnson says that statute criminalizes possession of a firearm by a person who "was adjudicated as a juvenile offender because of the commission of an act which if done by an adult would constitute the commission of a person felony." Johnson is clearly referring to K.S.A. 2019 Supp. 21-6304(a)(2), as K.S.A. 2019 Supp. 21-6301(a)(2) criminalizes use or possession of knives and other dangerous weapons.

Johnson did not challenge the constitutionality of K.S.A. 2019 Supp. 21-6304 in the district court. Generally, parties may not raise constitutional issues for the first time on appeal unless they show that one of these exceptions applies:
　　(1) The claim involves only a question of law arising on proved or admitted facts
　　　　and is determinative of the case;

(2) the claim is necessary to serve the ends of justice or prevent the denial of

fundamental rights; or

(3) the district court is right for the wrong reason.

*State v. Hillard*, 315 Kan. 732, 756-57, 511 P.3d 883 (2022).

Johnson argues that the first exception applies here because the issue involves the constitutional right to bear arms and the constitutionality of any statute is purely a question of law. He argues that the second exception also applies because it involves his fundamental right to bear arms.

The State argues that another panel of this court recently refused to address the same issue for the first time on appeal. *State v. Foster*, 60 Kan. App. 2d 243, 254, 493 P.3d 283, *rev. denied* 314 Kan. 856 (2021). The *Foster* court said the defendant "offer[ed] only conclusory analysis and provide[d] no legal support for his assertion" that the first two exceptions applied. The court said that if it allowed routine claims of exceptions like Foster's, those exceptions would swallow the general rule that constitutional issues must be raised below. 60 Kan. App. 2d at 254.

We adopt the reasoning of the panel from the unpublished *Johnson* court that declined to reach the unpreserved issue of constitutional error because:

"[C]onstitutional questions do not always involve purely legal determinations. Though the ultimate decision as to whether a law infringes some constitutional provision is a question of law, constitutional questions—especially novel claims that have not been before considered—often involve considerable factual development and require the determination of multiple legal questions along the way. To decide the merits of Johnson's constitutional claim, this court would need to determine—at a minimum— whether section 4 provides coextensive protection to the Second Amendment to the United States Constitution. This is particularly important here because in *District of Columbia v. Heller*, 554 U.S. 570, 626, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008), the

9

Supreme Court's seminal decision on the scope of the Second Amendment, the Court emphasized that the Second Amendment does *not* prohibit restrictions on felons' possession of firearms." *Johnson*, 2020 WL 5587083, at *5.

There is simply not enough information in the record to decide this issue, and we will not entertain the question now for the first time on appeal.

*The State admits some prosecutor error in the closing argument.*

When we consider such arguments, we look for two things: error and prejudice. When deciding whether there was error we must answer whether the acts complained about fall outside the wide latitude afforded prosecutors to conduct the State's case. Did the acts offend the defendant's constitutional right to a fair trial? If we find error, we must decide whether the error prejudiced the defendant's due process rights to a fair trial. To evaluate prejudice, we apply the traditional constitutional harmlessness test: Prosecutorial error is harmless if the State can show beyond a reasonable doubt that the error complained of did not affect the outcome of the trial in light of the entire record. *State v. Sherman,* 305 Kan. 88, 109, 378 P.3d 1060 (2016).

Johnson argues that the prosecutor committed error by using the phrase "we know" in the closing argument. Although the prosecutor said "we know" several times, Johnson challenges only two statements. First, when explaining to the jury how it would know Johnson possessed a shotgun, the prosecution said, "We know this how?" before recounting its evidence. Second, the prosecution said, "We know that Mr. Johnson's the one that fired this shotgun."

The State concedes that the second statement ("We know that Mr. Johnson's the one that fired this shotgun") was error, but argues that it did not prejudice Johnson because the jury acquitted him of unlawful discharge of a firearm.

10

But the State argues that the prosecutor's first statement ("We know this how?") was not error because the prosecutor pointed to direct evidence that Johnson possessed the shotgun, specifically evidence that two officers personally saw him carrying the weapon. The State notes that Johnson never contested the fact that he was carrying the shotgun. The defense focused on whether the officers saw Johnson fire the shotgun, not whether he had it in the first place. In closing argument, the defense only argued there was no evidence Johnson intentionally possessed the shotgun.

We hold the prosecutor's first "we know" statement was not error because it was uncontroverted that Johnson was carrying the shotgun. As the State points out, Johnson did not argue at trial that he did not possess the shotgun. He focused on the lack of evidence that he fired the shotgun and his level of intent when he possessed the gun. Thus, the prosecutor was not drawing an inference for the jury or inserting an opinion. The prosecutor was simply stating uncontroverted evidence.

The prosecutor's second "we know" statement was harmless error. The statement did not affect the outcome of the trial. It went specifically to the charge of unlawful discharge of a firearm. The jury acquitted Johnson of that charge. The jury ignored the prosecutor's statement that "we know Mr. Johnson's the one that fired this shotgun" and drew its own conclusion based on the evidence.

We find one harmless error. We find no reason to reverse the trial court.

Affirmed.

11