No. 101,348

STATE OF KANSAS, *Appellee*, v. WILLARD LaGRANGE, *Appellant*.

(279 P.3d 105)

Opinion filed June 29, 2012.

*Rachel L. Pickering*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Keith E. Schroeder*, district attorney, argued the cause, and *Steve Six*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.: Willard LaGrange challenges his conviction for criminal possession of a firearm, in violation of K.S.A. 21-4204(a)(4)(A). That statute imposes a 10-year prohibition on the possession of a firearm by persons convicted of certain felonies. LaGrange had a 1994 conviction for aggravated battery, K.S.A. 21-3404, one of the felonies listed in K.S.A. 21-4204(a)(4)(A), for which he served a prison sentence. He was released from prison on that sentence in 2004. The district court found that the 10-year

firearm prohibition period began upon LaGrange's release from prison in 2004. In contrast, LaGrange contends that, as applied to him, the statutory language prohibited firearm possession for 10 years from his date of conviction, which period had expired before his firearm possession in this case. We agree with the district court's interpretation of K.S.A. 21-4204(a)(4)(A): the 10-year ban on the possession of firearms began to run against LaGrange on the date he was released from prison on the aggravated battery sentence. Accordingly, we affirm.

### FACTUAL AND PROCEDURAL OVERVIEW

On August 28, 2007, LaGrange, armed with a revolver, intervened in a fight between brothers Lucas and Jason Magerfleisch. After a warning shot into the air went unheeded, LaGrange approached the combatants and held the weapon close to Jason. The weapon discharged another round, albeit LaGrange contended that it was an accidental shot caused by Jason's wife jumping on him. The bullet entered the left side of Jason's throat and became lodged in his shoulder blade. LaGrange fled the scene.

LaGrange was arrested later that evening. The next day, law enforcement recovered the revolver, which was loaded and contained two spent cartridges. The State charged LaGrange with attempted first-degree murder and criminal possession of a firearm. LaGrange filed a pretrial motion to dismiss the criminal possession of a firearm count, arguing that the complaint was fatally defective for failing to allege a crime. Specifically, he argued that his prior felony conviction occurred more than 10 years prior to the current incident and, therefore, K.S.A. 21-4204(a)(4)(A) did not ban his possession of a firearm at that time.

The district court denied LaGrange's pretrial motion, as well as denying his renewed motions for dismissal of the firearm count after opening statements and before closing arguments. After the denial of his second motion to dismiss, LaGrange stipulated to the following facts with respect to the firearm charge:

"1. The Defendant, Willard L. LaGrange, has been convicted of a felony crime under the laws of the State of Kansas;

"2. The felony conviction is for a crime specifically designated under K.S.A. 21-4204(a)(4)(A);

"3. The Defendant was not found in possession of a firearm at the time of the commission of the felony crime of conviction;

"4. The Defendant was released from imprisonment for such felony conviction within 10 years of August 28, 2007; and

"5. The felony conviction has not been expunged and the Defendant has not been pardoned for such crime."

The jury acquitted LaGrange of attempted murder but convicted him of the firearms charge. After the district court sentenced LaGrange to 18 months' imprisonment, he appealed to the Court of Appeals. A split panel of that court affirmed LaGrange's conviction. *State v. LaGrange*, No. 101,348, 2010 WL 1610398, at *2-3 (Kan. App. 2010) (unpublished opinion). The majority concluded that the legislature intended K.S.A. 21-4204 to make "it a crime for anyone released from prison within the past 10 years for 'such felony' to include those released from prison within the past 10 years after convictions for one of the specific felonies listed in K.S.A. 214204(a)(4)(A)." *LaGrange*, 2010 WL 1610398, at *2. The dissent determined that the language of K.S.A. 21-4204(a)(4)(A) was ambiguous and should be strictly construed against the State under the rule of lenity. *LaGrange*, 2010 WL 1610398, at *3. This court granted review.

STATUTORY CONSTRUCTION OF K.S.A. 21-4204(a)(4)(A)

Inherent in the jury's guilty verdict on the firearm charge is a finding—unchallenged here by LaGrange—that he possessed a firearm on August 28, 2007. That date was more than 10 years after LaGrange's 1994 aggravated battery conviction, but less than 10 years after LaGrange's 2004 release from prison on the aggravated battery sentence. Whether LaGrange violated K.S.A. 21-4204(a)(4)(A)'s ban on firearm possession depends upon our determination of when the 10-year clock began to run against LaGrange—on the 1994 conviction date or on the 2004 prison release date. In other words, did LaGrange's time in prison count towards his 10-year firearm possession ban?

*Standard of Review*

The firearm possession ban at the heart of this appeal was created by a statute, K.S.A. 21-4204(a)(4)(A), which we must interpret or construe and then apply to resolve the issue presented. Accordingly, we employ the familiar standard that the interpretation of a statute is a question of law over which this court has unlimited review. *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010).

*Analysis*

The interpretation of a statute normally begins with a review of the language employed by the legislature—giving common words their ordinary meanings—to discern whether legislative intent has been plainly and unambiguously expressed. See *State v. Urban*, 291 Kan. 214, 216, 239 P.3d 837 (2010). Accordingly, we start by setting forth the relevant portions of the then current version of K.S.A. 21-4204(a)(4)(A), which applies in this case:

"(a) Criminal possession of a firearm is:

. . . .

(4) possession of any firearm by a person who, within the preceding 10 years, has been convicted of: (A) A felony under K.S.A. 21-3401, 21-3402, 21-3403, 21-3404, 21-3410, 21-3411, 21-3414, 21-3415, 21-3419, 21-3420, 21-3421, 21-3427, 21-3442, 21-3502, 21-3506, 21-3518, 21-3716, 65-4127a or 65-4127b, or 65-4160 through 65-4164, and amendments thereto, or a crime under a law of another jurisdiction which is substantially the same as such felony, has been released from imprisonment for such felony, or was adjudicated as a juvenile offender because of the commission of an act which if done by an adult would constitute the commission of such felony, was found not to have been in possession of a firearm at the time of the commission of the offense, and has not had the conviction of such crime expunged or been pardoned for such crime."

The parties proffer different interpretations of this language, principally disagreeing on the meaning or application of two phrases: (1) "or a crime under a law of another jurisdiction which is substantially the same as such felony," which we will refer to as the "out-of-state felony" phrase, and (2) "has been released from imprisonment for such felony," which we will refer to as the "released from prison" phrase. LaGrange argues that the "such felony" language of the released from prison phrase only refers to the immediately preceding out-of-state felony description. In other

words, LaGrange would paraphrase the statute as prohibiting possession of a firearm by a person who, within the preceding 10 years, has been convicted of a listed Kansas felony or has been convicted of and released from imprisonment for a similar out-of-state felony. That interpretation would always commence the running of the 10-year firearm possession ban on the conviction date for those committing a listed Kansas felony, but would add the felon's prison release date when calculating the ban period for out-of-state convictions. As applied to LaGrange, that interpretation would mean that he had satisfied his firearm ban period while imprisoned for 10 years for his listed felony conviction.

We pause briefly to quickly dispose of one of LaGrange's arguments. He contends that his interpretation must be correct because the legislature placed the released from prison phrase in the middle of the statutory provision, rather than at the end. That argument ignores that immediately following the released from prison phrase, the subsection provides for a 10-year firearm possession ban for a person who "was adjudicated as a juvenile offender because of the commission of an act which if done by an adult would constitute the commission of such felony." K.S.A. 21-4204(a)(4)(A). The released from prison phrase cannot apply to adjudicated juvenile offenders because they are not imprisoned for their transgressions. Therefore, placing the released from prison phrase at the end of the subsection—after the juvenile offender proviso—would have been patently ambiguous and confusing. LaGrange's argument on this point is unavailing.

In contrast, the State's reading of the statute ties the out-of-state felony phrase to the specific list of Kansas felonies, rather than to the released from prison phrase. To illustrate, the State's reading could be rephrased as follows: Possession of a firearm is prohibited by: (1) a person who, within the preceding 10 years, has been convicted of a listed Kansas felony or of a similar out-of-state felony; or (2) a person who, within the preceding 10 years, has been released from imprisonment for a listed Kansas felony or a similar out-of-state felony. Under that reading, the 10-year period is effectively stayed during the time a person is imprisoned for the felony that triggered the firearm possession ban.

Prior to the 1995 amendment that resulted in the version of the statute applicable here, K.S.A. 21-4204 was amended in 1994 to read as follows, in relevant part:

"(a) Criminal possession of a firearm is:

. . . .

~~(3)~~(4) possession of any firearm by any person who, within the preceding 10 years, has been convicted of a ~~crime~~ *felony* to which this subsection applies, *but was not found to have been in the possession of a firearm at the time of the commission of the offense, or* has been released from imprisonment for such a crime, or was adjudicated as a juvenile offender because of the commission of an act which if done by an adult would constitute the commission of a felony, and has not had the conviction of such crime expunged or been pardoned for such crime;

. . . .

"(b) Subsection ~~(a)(3)~~ *(a)(4)* shall apply to a felony under K.S.A. 21-3401, 21-3402, 21-3403, 21-3404, 21-3410, 21-3411, 21-3414, 21-3415, 21-3419, 21-3420, 21-3421, 21-3427, 21-3502, 21-3506, 21-3518, 21-3716, 65-4127a or 65-4127b *or sections 1 through 5 of 1994 Senate Bill No. 856,* and amendments thereto, or a crime under a law of another jurisdiction which is substantially the same as such felony." L. 1994, ch. 348, sec. 4.

The Court of Appeals majority looked to the wording of subsection (a)(4) in the 1994 version and determined that the language employed clearly manifested an intent to prohibit the possession of a firearm by a person who had been released from prison for a covered crime within the preceding 10 years. *LaGrange,* 2010 WL 1610398, at *2. The majority then looked at the 1995 amendments and opined that they were not intended to eliminate the 10-year ban that commenced upon release from prison for the listed felonies. 2010 WL 1610398, at *2. Interestingly, the majority did not mention subsection (b) of the 1994 version or note that in the 1995 amendment it was moved into and combined with subsection (a)(4).

The Court of Appeals dissent opined that the language of K.S.A. 21-4204(a)(4)(A) is ambiguous, so that it must be construed against the State because of the rule of lenity, which dictates that a court strictly construe a criminal statute, with any reasonable doubt as to its meaning being resolved in favor of the accused. The dissent discerned that the released from prison phrase could

"be read in at least three quite different ways: (1) as an additional element of the offense, thus requiring *both* a conviction of one of the listed offenses within 10 years *and* release from prison [at any time thereafter]; or (2) as an alternative means of committing the offense and subject to the 10-year restriction, thus requiring *only* a release from prison within 10 years after conviction of one of the listed felonies; (3) as independent of the 10-year restriction but incorporating the 10-year restriction *on date of conviction*, thus requiring release from prison after conviction of 'such' felony, *i.e., one committed within the preceding 10 years.*" *LaGrange,* 2010 WL 1610398, at °3.

The dissent could not "perceive any of these potential constructions as patently unreasonable or in obvious contravention of legislative intent." *LaGrange,* 2010 WL 1610398, at *3. We disagree with the dissent's reasonableness assessment, as will be discussed below.

We arrive at the same conclusion as the Court of Appeals majority with respect to the meaning of the released from prison phrase in K.S.A. 21-4202(a)(4)(A), *i.e.,* "such felony" identifies both the listed Kansas felonies and the substantially similar out-of-state felonies. Accordingly, LaGrange's release from prison following his conviction for a listed Kansas felony started a 10-year ban on his possessing a firearm. But in our journey to that conclusion we may not step precisely into the footprints of the Court of Appeals opinion.

First, we agree with the majority's interpretation of the 1994 version as clearly commencing a 10-year firearm ban upon a convict's release from prison for a listed Kansas felony. The verbs employed in the 1994 subsection (a)(4) delineated three events that triggered the firearm possession ban: "has been convicted," "has been released," and "was adjudicated." The crimes for which the triggering events applied were separately described in subsection (b) and included both the specifically listed Kansas felonies and "a crime under a law of another jurisdiction which is substantially the same as such [listed] felony." L. 1994, ch. 348, sec. 4. Thus, in the prior 1994 version, the out-of-state felony phrase was clearly designed to augment the specific list of Kansas felonies, and it was not designed to restrict or narrow any of the triggering events.

With respect to the portions of the statute we are concerned with here, the 1995 amendment simply merged the prior subsec-

tion (b) into subsection (a)(4). The amendment replaced (a)(4)'s reference to "a felony to which this subsection applies" with the list of Kansas felony statutes and the out-of-state felony phrase that were formerly contained in subsection (b). L. 1995, ch. 92, sec. 2. Moreover, the 1995 amendment retained the same verb structure—has been convicted; has been released; was adjudicated—and did not add a separate verb in front of the out-of-state conviction phrase. In short, for our purposes, the 1995 amendments appear to be merely stylistic changes. That assessment is corroborated by the statement to the Senate Judiciary Committee by the Revisor of Statutes that the proposed amendment in 1995 made "no substantive changes." Minutes of the Senate Committee on Judiciary, March 21, 1995.

In short, the wording of K.S.A. 21-4204(a)(4)(A), together with the legislative history of that provision, convince us that the legislature intended for an adult convicted of a listed Kansas felony or of an out-of-state crime that is substantially the same as a listed felony to be prohibited from possessing a firearm for a 10-year period that commences *either* on the date of conviction of the applicable felony *or* on the date of release from prison for the applicable felony. That clear intent is not trumped by the rule of lenity, because the alternative construction proffered by LaGrange is unreasonable, nonsensical, and ineffectual to accomplish legislative design and purpose. See *State v. Jackson*, 291 Kan. 34, 40, 238 P.3d 246 (2010) (rule of lenity is subject to qualification that judicial interpretation must be reasonable and sensible to effect legislative design and intent).

One of the obvious purposes of prohibiting firearm possession by a person who has previously been convicted of a serious felony is to protect the public. As the Court of Appeals majority pointed out, LaGrange did not proffer a reasonable explanation as to why the legislature would treat out-of-state felons differently from Kansas felons. We would go further and suggest that, intuitively, such a distinction makes no sense from a public safety viewpoint. An armed felon is equally dangerous whether the prior felony occurred in this jurisdiction or another.

Perhaps more fundamentally, however, permitting a convicted felon to satisfy the 10-year ban on firearm possession during the period that the felon is imprisoned accomplishes nothing and renders the statutory provision virtually meaningless. See *State v. Trautloff*, 289 Kan. 793, 797, 217 P.3d 15 (2009) (generally, courts should presume the legislature does not intend to enact useless or meaningless legislation). The public is protected from a convicted felon who is imprisoned because the convict is segregated from the citizenry; no firearm ban is needed for public safety. Further, other statutes and regulations prohibit an inmate from possessing a firearm while inside prison, for obvious reasons. See K.S.A. 21-3826 (prohibiting trafficking in contraband in correctional institution); K.A.R. 44-2-103(a)(3); (b)(1) (prohibiting possession of guns or firearms of any type in any correctional facility). The protections afforded by K.S.A. 21-4204(a)(4)(A) are utterly and totally superfluous and unnecessary when applied to a person locked up in prison. Such an interpretation will not pass muster, even under the rule of lenity.

The district court was correct in denying LaGrange's motions to dismiss. The Court of Appeals majority correctly affirmed that ruling.

Affirmed.