No. 103,158

STATE OF KANSAS, *Appellee*, v. TERRY G. MISHMASH, *Appellant*.

(290 P.3d 243)

Opinion filed December 7, 2012.

*Lydia Krebs*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Natalie A. Chalmers*, assistant solicitor general, argued the cause, and *Clay Britton*, assistant solicitor general, was on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: This appeal asks this court to construe the plain language of a portion of the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 *et seq*. Because KORA exempted the appellant from registration, we vacate that portion of his sentence.

On March 14, 2008, the State filed a complaint/information charging Terry G. Mishmash with six counts of violating controlled substance laws. He entered a plea of no contest to one count of manufacturing methamphetamine and one count of possession of methamphetamine.

At sentencing, the State recommended the sentence agreed upon as part of the guilty plea: 84 months' imprisonment for manufacturing a controlled substance and a concurrent sentence of 11 months' imprisonment for possession of methamphetamine. As part of the sentencing hearing, the State called a witness solely to show that Mishmash manufactured methamphetamine for the purpose of selling it as well as for his own consumption. A friend of Mishmash testified that she obtained methamphetamine from him in return for pseudoephedrine pills that she provided. She informed the court that Mishmash was manufacturing methamphetamine both for his own individual use and for sale to others.

The sentencing judge granted the agreed downward departure and sentenced Mishmash as recommended by the State. The judge then made a specific finding that Mishmash was not manufacturing solely for personal use:

"[T]he Court would find that you were not manufacturing methamphetamine solely for your personal use. You were giving some of it to Miss Camerlynck. . . . Rather than solely for your personal use, you were still giving some to her for her use. You were trading methamphetamine for pills. And so, because of that, I think, as a matter of law, you were not using this solely for your personal use. There is also a suggestion that you were selling methamphetamine. In fact, you sold it to Mr. Tommy Green.

. . . .

"So the Court does find, because you were not using it solely for your personal use, that you will be required to register pursuant to the Kansas Offender Registration Act."

The Court of Appeals affirmed the registration requirement. *State v. Mishmash*, No. 103,158, 2011 WL 426664, at *4-5 (Kan. App. 2011) (unpublished opinion). This court granted Mishmash's petition for review.

Mishmash challenges the interpretation of a statute by the district court and the Court of Appeals. The interpretation of a statute is a question of law over which this court exercises unlimited review. *State v. Hopkins*, 295 Kan. 579, 581, 285 P.3d 1021 (2012).

K.S.A. 2009 Supp. 22-4902(a)(11)(A), in effect when Mishmash was convicted, defined an offender for registration purposes:

"As used in this act, unless the context otherwise requires:
"(a) 'Offender' means:

. . . .

"(11) any person who has been convicted of:

(A) Unlawful manufacture or attempting such of any controlled substance or controlled substance analog as defined by K.S.A. 65-4159, prior to its repeal or K.S.A. 2009 Supp. 21-36a03, and amendments thereto, *unless the court makes a finding on the record that the manufacturing or attempting to manufacture such controlled substance was for such person's personal use. . . .*" (Emphasis added.)

K.S.A. 22-4904 required registration of "offenders," as defined in K.S.A. 2009 Supp. 22-4902(a).

There is no question from the evidentiary record developed by the district court that Mishmash manufactured methamphetamine for his personal use. The record shows that he also manufactured the drug to exchange it with one other person in order to obtain constituent ingredients and sold some of the manufactured product to one more person. The district court decided that it should read the word "solely" into the personal use exemption provision, and concluded that because Mishmash did not manufacture the drug exclusively for his own use, he was subject to the registration requirement.

The basic rule for understanding statutory language is that the intent of the legislature governs when that intent can be ascertained. Courts merely interpret the language as it appears when that language is plain and unambiguous, and the courts are not free to speculate about legislative intent and may not read into the statute language not found there. *Hopkins*, 295 Kan. 579, Syl. ¶ 1.

Because the courts are not at liberty to add words to clear language that the legislature has adopted, we must determine whether the word "person" contains within it an implicit restriction to one person.

The Court of Appeals turned to Webster's Third New International Dictionary 1686 (1986), which defined "personal" to mean "of or relating to a particular person." This definition does not support the State's position. Even assuming that "personal use" means use by a particular person, *i.e.*, the manufacturer, the statute still lacks any language stating that the manufacture must be *solely* for the use by the particular person. Black's Law Dictionary pro-

vides a more inclusive definition of "personal": "Of or affecting a person." Black's Law Dictionary 1179 (8th ed. 2004). In fact, replacing the phrase "personal use" with the State's proposed construction, use by a particular person, would expand the scope of persons subject to the exemption.

Under the State's reading of the phrase "personal use," a business that provides computers to its employees and informs them that they may use the computers for personal use would be denying the employees the opportunity to utilize the computers in a professional capacity. A company that provides a car to a traveling salesperson with the explanation that the car may be put to personal use would deny the salesperson the use of the car for sales purposes. Farmers who have marketing agreements to sell part of their crop and retain part of that crop for personal use would not be permitted to feed their families with the retained portion. These situational absurdities illustrate that the words "solely" or "exclusively" are not implicit in the phrase "personal use."

The legislature chose the words of the registration statute. The legislature is presumed to have expressed its intent through language that it adopted. *Haddock v. State*, 295 Kan. 738, 754, 286 P.3d 837 (2012). The courts are obliged to take the legislature at its word, unless there is ambiguity, because the legislature, unlike the judiciary, is a branch of government charged with developing public policy on behalf of the electorate and because judicial deference to clear statutory language promotes long-term predictability and stability in Kansas law. *O'Brien v. Leegin Creative Leather Products, Inc.*, 294 Kan. 318, 348, 277 P.3d 1062 (2012).

When the legislature intends to limit a category, it clearly understands how to insert the necessary language. K.S.A. 22-4904(e), which is another section of the same registration statutory scheme, states: "All funds . . . shall be credited to a special fund of the sheriff's office which shall be used solely for law enforcement and criminal prosecution purposes . . . ."

The State directs our attention to the principle that courts generally interpret statutes so as to avoid unreasonable results and presume that the legislature does not intend to enact useless, superfluous, or meaningless legislation. See, *e.g.*, *State v. LaGrange*,

294 Kan. 623, Syl. ¶ 1, 279 P.3d 105 (2012). In affirming the sentence, the Court of Appeals determined that without implying "solely" in the statutory language, the result would be "absurd" and contrary to the clear intent of the legislature. *Mishmash*, 2011 WL 426664, at *4.

As we noted above, however, the clear intent of the legislature is reflected in the language it chooses to use, and the legislature preferred to enact a statute that did not require the manufactured methamphetamine to be *solely* for the personal use of the manufacturer. In fact, the clear intent of the legislature, derived from its choice of words, was to include in the registration exemption any manufacturer who made *any* personal use of the product.

The exemption is not absurd under the facts of this case. Here, the evidence introduced by the State showed that Mishmash consumed the methamphetamine that he manufactured. He also traded some of it in order to obtain precursor chemicals, and he sold some of it to help support the costs of manufacturing. The manufacturing process was for his personal use, even if it was not exclusively for his personal use. The legislature may well have intended a registration exemption for individuals like Mishmash, whose drug production was primarily aimed at feeding his own addiction.

In 2011, the legislature amended K.S.A. 22-4902 and removed the personal use exception. L. 2011, ch. 95, sec. 2. When the legislature amends a statute, this court presumes that it intended to change the law that existed prior to the amendment. *State v. Bee*, 288 Kan. 733, 738, 207 P.3d 244 (2009). At oral argument, the State explained that the legislature chose to amend the statute because it did not want "the exception to swallow the rule." The State thereby conceded that the older language was expansive and that the exemption for personal use included more than just manufacturers who were producing exclusively for their own use.

When it sentenced Mishmash, the district court found that some of the methamphetamine that Mishmash manufactured ended up in the possession of other people. The district court used this finding to deny him the statutory exemption from offender registration. In doing so, the district court improperly added language to the

statute that the legislature elected to omit. We therefore vacate that portion of the sentence requiring Mishmash to register as a drug offender. We note that because of the 2011 amendment, this issue is unlikely to come before us again.

Mishmash also asks this court to hold that the determination whether one has manufactured methamphetamine for personal use for registration purposes must be decided by a jury. Because we vacate the registration portion of his sentence, we do not address the Sixth Amendment to the United States Constitution right to a jury trial. See, *e.g.*, *State v. Montgomery*, 295 Kan. 837, Syl. ¶ 2, 286 P.3d 866 (2012) (courts generally do not decide moot questions or render advisory opinions).

The judgment of the Court of Appeals affirming the district court is reversed in part. Judgment of the district court is affirmed in part, sentence is vacated in part, and case is remanded with directions.