No. 111,143

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

RICHARD EVANS, III,
*Appellee*.

SYLLABUS BY THE COURT

Kansas law controls the determination of what constitutes a conviction for predicate offenses. Kansas statutes clearly define a conviction as including a proceeding where a defendant pleads guilty and is found guilty by a tribunal as a result of the plea, even if a sentence has not yet been imposed.

Appeal from Johnson District Court; JANICE D. RUSSELL, judge. Opinion filed February 13, 2015. Reversed and remanded.

*Steven J. Obermeier*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

*Michael J. Gunter*, of Gunter & Associates, of Kansas City, Missouri, for appellee.

Before PIERRON, P.J., BRUNS and SCHROEDER, JJ.

PIERRON, J.:  The State appeals from the district court's dismissal of two counts of criminal possession of a firearm and one count of possession of marijuana after a prior conviction filed against Richard Evans, III. The court found Evans' prior guilty pleas to be felonies in Missouri, which resulted in suspended imposition sentences (SIS), were not convictions to serve as predicate convictions under K.S.A. 2013 Supp. 21-6304 or K.S.A.

1

2013 Supp. 21-5706. Below, the court relied on its interpretation of *State v. Pollard*, 273 Kan. 706, 714, 44 P.3d 1261 (2002). The State dismissed the remaining charge of no tax stamp on drugs and appealed from the dismissal of two criminal possession of firearms counts and one count of possession of marijuana. We reverse and remand.

*Facts*

In April 2013, the State charged Evans with various felonies. Counts I and II were charges of criminal possession of a firearm by a convicted felon in violation of K.S.A. 2013 Supp. 21-6304. Count III was possession of marijuana after a prior conviction of possession, in violation of K.S.A. 2013 Supp. 21-5706(b). Count IV was failure to affix a drug tax stamp to the marijuana in violation of K.S.A. 79-5208.

At the preliminary hearing, the State presented—without objection—certified copies of court records from Missouri. The records established that Evans had pled guilty to at least one felony and to another charge of possession of marijuana. During the hearing, police officers testified they had contacted the occupants of a Johnson County, Kansas, home on suspicion of drug activity. Evans was one of those occupants. During the investigation, officers found a .40 caliber handgun on Evans' person. In addition, a search of Evans' car resulted in the finding of another handgun and approximately 30 grams of marijuana. Officers saw that there was no drug stamp tax affixed to the marijuana.

The district court bound Evans over for trial, although there was discussion as to whether the prior Missouri offenses were sufficient to serve as convictions for the weapons and second-time marijuana possession charges.

Prior to trial, Evans filed a motion to dismiss the firearm and possession of marijuana charges. He argued that all three of these charges required a prior conviction of

2

either a felony or a prior conviction of possession of marijuana as predicate offenses. Evans argued his prior charges in Jackson County, Missouri, were guilty pleas with SIS. He also asserted he had successfully completed the probation terms for those charges. Evans contended that under Missouri law, successful completion of the probation closed the Missouri case and did not constitute a conviction. Citing *Pollard*, Evans argued the Missouri charges did not constitute convictions and could not serve as predicate offenses supporting the firearms and second-time possession of marijuana charges. The State filed a response opposing Evan's motion to dismiss, also relying on *Pollard*.

The district court held a hearing in November 2013, where both sides argued whether a Missouri conviction with SIS constituted a conviction for purposes of the weapons and marijuana charges filed in Kansas. The State presented certified copies of documents from two Missouri criminal cases. In case No. 0816-CR04967, Evans had been arrested for possession of approximately 28 grams of marijuana and pled guilty to that charge. The Missouri court accepted the plea and suspended imposition of that sentence for 1 year. The court ordered Evans to pay court costs and to be supervised through the Midwest ADP drug program.

In case No. 0916-CR06242, the charging documents reflected that Evans had been charged in Jackson County, Missouri, with three counts of the sale of more than 5 grams of marijuana and one count of possession of more than 35 grams of marijuana. Later documents reflected Evans had pled guilty in June 2010 to the three counts of sale of a controlled substance, class B felonies under Missouri law. The Missouri court found Evans guilty beyond a reasonable doubt of those charges. The court suspended imposition of sentence for 3 years and ordered that the Missouri Board of Probation and Parole supervise Evans during that period. The court also ordered Evans to pay $68 to the Crime Victims' Compensation Fund and court costs. In January 2011, the court found Evans had violated the terms of his probation and ordered him to remain on suspended status until otherwise released.

3

During the hearing on the Johnson County, Kansas, cases, Evans presented documentary evidence—not included in the record—that he had been released from his SIS in December 2011. He argued he had successfully completed his probation on all the charges and under Missouri law the charges were not convictions. Defense counsel acknowledged that the charges could be used against Evans at sentencing if he was ever charged again in Missouri but it did not make him a felon at the time he possessed the weapon in the case at bar. Evans relied heavily on language in *Pollard*, 273 Kan. at 714, that limited its ruling to the facts in the case and did "not decide if the result would be the same if the Kansas offense had occurred after the expiration" of a Missouri defendant's probation. Defense counsel argued that although Evans had been found guilty in the Missouri cases, no sentence was imposed, the judgment was not final, and as such, it was not a conviction.

Both parties agreed that *Pollard* controlled the decision, but they disagreed as to the impact of *Pollard*. Ultimately, the district court announced from the bench that Evans had successfully completed his SIS in Missouri and, therefore, he had not been convicted. As a result, the predicate offenses for the weapons charges and the second-time possession of marijuana charge had not been established, and the court dismissed those charges.

Two days later, the State filed a motion asking the district court to reconsider the order of dismissal. At another hearing on December 13, 2013, the State again argued a conviction for purposes of the predicate act would be determined by Kansas law, not Missouri law. Based upon *Pollard*, the State again argued Evans' prior guilty pleas to felony charges of sale and possession of marijuana were sufficient to constitute convictions in Kansas, notwithstanding the Missouri SIS statute. However, the court denied the motion.

4

A journal entry dismissing all charges except the drug tax stamp charge was filed on December 3, 2013. Shortly thereafter, the State dismissed the remaining charge and filed a notice of appeal challenging the dismissal of the weapons and possession of marijuana charges.

The sole issue on appeal is whether the district court misinterpreted the statutes and thereby improperly dismissed the weapons and possession of marijuana charges the State had filed against Evans. Thus, the question is whether Evans' guilty pleas with successful completion of the SIS constituted convictions under K.S.A. 2013 Supp. 21-6304 and K.S.A. 2013 Supp. 21-5706(c)(2)(B).

Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014). When interpreting a statute, the court must first determine the legislature's intent through the statute's language, by giving words their ordinary meaning. *State v. Brooks*, 298 Kan. 672, 685, 317 P.3d 54 (2014). Even when statutory language is clear, however, the appellate court can consider certain canons of construction and construe statutes in order to avoid "unreasonable or absurd results." *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 918, 296 P.3d 1106, *cert denied* 134 S. Ct. 162 (2013).

K.S.A. 2013 Supp. 21-6304(a)(1) defines criminal possession of a firearm as possession of such a weapon by a person who "[h]as been convicted of a person felony or a violation of article 57 of chapter 21 . . . or a crime under a law of another jurisdiction which is substantially the same as such felony or violation . . . ."

K.S.A. 2013 Supp. 21-5706 prohibits unlawful possession of controlled substances as designated Chapter 65 of the statutes. See K.S.A. 2013 Supp. 21-5706(b)(4). Marijuana is included in the list of controlled substances. K.S.A. 2013 Supp. 65-4105(d)(16). A first-time violation of K.S.A. 2103 Supp. 21-5706(b)(4) is a class A

5

misdemeanor. K.S.A. 2013 Supp. 21-5706(c)(2)(A). However, a violation of K.S.A. 2013 Supp. 21-5706(b)(4) is a severity level 5 drug felony if the person "has a *prior conviction* under such subsection [or] under a substantially similar offense from another jurisdiction . . . ." (Emphasis added.) K.S.A. 2013 Supp. 21-5706(c)(2)(B). Article 57 of the criminal code does not contain a definition of "prior conviction."

The revised criminal code defines a "conviction" as including "a judgment of guilty entered upon a plea of guilty." K.S.A. 2013 Supp. 21-5111(d). Nothing in that definition specifically requires any particular type of sentence be imposed in order to constitute a conviction. When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. *Brooks*, 298 Kan. at 685.

Despite the broad nature of the term "conviction" found at K.S.A. 2013 Supp. 21-5111(d) (and its predecessor, K.S.A. 21-3110[4]), Evans argues that the prior guilty pleas he entered in the two Missouri cases—that included felony charges and a possession of marijuana charge—were not convictions. While he does not dispute the nature of the prior charges, he argues that he successfully completed probation for his charges, and under the Missouri SIS procedure, those charges do not count as a conviction. See Mo. Rev. Stat. § 557.011.2(3) (2013 Supp.).

In Missouri, defendants who successfully complete probation are also not considered to possess a conviction in various civil contexts. For example, in *CFM Insurance, Inc. v. Hudson*, 432 S.W.3d 797 (Mo. App. 2014), the court rejected an insurer's efforts to rescind an insurance policy based on the insured's misrepresentation by failing to disclose he had a prior conviction for felony nonsupport. However, the insured's plea of guilty resulted only in a SIS and thus was not a conviction under Missouri law. 432 S.W.3d at 800-01; see also *Yale v. City of Independence*, 846 S.W.2d

6

193, 196 (Mo. 1993) (employee's guilty plea and successful completion of SIS was not a conviction for purposes of allowing termination of his employment under state law); *Hemphill v. Pollina*, 400 S.W.3d 409, 414-15 (Mo. App. 2013) (not a conviction for purposes of witness impeachment in tort case). The Missouri Legislature designed the SIS procedure to allow defendants who successfully complete probation to avoid the stigma of a conviction. *State v. Jones*, 398 S.W.3d 518, 523 (Mo. App. 2013).

However, there remain some consequences in criminal and some other contexts under Missouri law. A defendant who successfully completes a SIS probation for a sex charge may still be required to register as a sex offender under Missouri law. *State ex rel. Kauble v. Hartenbach*, 216 S.W.3d 158, 159-60 (Mo. 2007). Moreover, the information from the case can be provided to federal prosecutors and used to impeach a defendant's testimony in a federal criminal proceeding. *Smith v. State*, 757 S.W.2d 659, 661 (Mo. App.1988); see also Mo. Rev. Stat. § 577.023.16 (2013 Supp.) (evidence of a plea of guilty followed by SIS of any intoxication-related traffic offense is counted as a prior conviction under Missouri's enhanced penalties for driving while intoxicated offenses); Mo. Rev. Stat. § 302.700.2(12) (2013 Supp.) (guilty plea with SIS is counted as an offense for purposes of revoking a commercial driver's license).

As noted above, the Kansas Supreme Court addressed the question of whether a Missouri guilty plea with a SIS disposition can constitute a predicate offense for criminal possession of a firearm in *Pollard*, 273 Kan. 706. The parties disagree, however, on the impact of *Pollard* because the facts in that case were different. Pollard pled guilty in Missouri to attempted burglary, a felony. The Missouri court suspended imposition of sentence and placed Pollard on probation for 2 years. One of the conditions of his probation prohibited him from possessing any firearms. Before the 2-year probation term expired, Kansas charged Pollard with criminal possession of a firearm and unlawfully altering the firearm's identification marks. Pollard moved to dismiss the possession charge arguing, as Evans does here, that his offense in Missouri was not a prior

7

conviction under then K.S.A. 2001 Supp. 21-4204(a)(3). The district court agreed and dismissed the charge, and the State appealed.

The *Pollard* court acknowledged that under Missouri law a SIS was not a final judgment of a conviction. 273 Kan. at 708. However, the court rejected Pollard's reliance on a federal case because the federal firearm statute contained a choice-of-law provision. Under that provision the federal statute specified that the law of the jurisdiction where the proceedings were held determines what constitutes a conviction of a felony. 273 Kan. at 709 (citing 18 U.S.C. § 921[a][20] [2000]). The court noted that "in the absence of a choice-of-law provision mandating application of the law of the state where the predicate offenses occurred," the law of the state where the possession occurred should control in determining whether the defendant had a prior conviction. 273 Kan. at 710.

The *Pollard* court then turned to interpreting Kansas law. Acknowledging the rule of lenity, the court held the primary rule of statutory interpretation is to ensure a reasonable and sensible interpretation to carry out legislative intent. The court found that Pollard's narrow reading of conviction within the meaning of K.S.A. 2001 Supp. 21-4204(a)(3) would create an illogical result. 273 Kan. at 712. The language in the statute relied upon in *Pollard* is substantially similar to the applicable portion of the current statute.

The *Pollard* court recognized that under K.S.A. 21-3110(4) (now codified at K.S.A. 2013 Supp. 21-5111[d]) a conviction includes a "judgment of guilt entered upon a plea of guilty." Because the Missouri court in Pollard's prior cases found him guilty and entered a judgment of guilt, Pollard had a prior conviction at the time he possessed the firearm in Kansas. 273 Kan. at 712-14. The *Pollard* court also noted that based on several Court of Appeals' decisions, Pollard's adjudication would constitute a conviction for purposes of determining a defendant's criminal history score under the sentencing guidelines. 273 Kan. at 713-14. The court concluded that a person who admits

8

committing one of the enumerated predicate felonies "admits to actions the Kansas Legislature has deemed to render that person unfit to possess a firearm" and under Kansas law, the Missouri proceeding "is the equivalent of a conviction of the predicate felony." 273 Kan. at 714.

Despite this clear ruling, Evans cites to the concluding paragraph in *Pollard*:

"It should be noted that the alleged firearm possession in Kansas occurred within Pollard's 2-year probationary period for the Missouri felony. Our decision is limited to those facts and does not decide if the result would be the same if the Kansas offense had occurred after the expiration of the 2-year period." (Emphasis added.) 273 Kan. at 714.

Evans asserts this limiting paragraph indicates the *Pollard* court believed that a completion of the SIS probation term for his Missouri offense would result in a different decision that there was no conviction of the predicate act. This distorts the court's statement that *Pollard* "did not decide the issue" into an assertion that "a different result necessarily occurs."

However, the Missouri order imposing the SIS still adjudged Evans guilty of the felony drug charges, including possession of marijuana. Under K.S.A. 2013 Supp. 21-5111(d), the Missouri court entered a judgment of guilt based upon a guilty plea and, thus, a conviction exists under Kansas law. As acknowledged by the *Pollard* court, the focus of Kansas law is to "inhibit a defendant's refusal to renounce criminal behavior"; thus, the focus is on "'whether the foreign state concluded the defendant did the crime[], not whether he or she ultimately had to do the time.' [Citation omitted.]" 273 Kan. at 714. As recognized in the more recent decision of *State v. LaGrange*, 294 Kan. 623, 630, 279 P.3d 105 (2012): "One of the obvious purposes of prohibiting firearm possession by a person who has previously been convicted of a serious felony is to protect the public."

9

Therefore, treating out-of-state felons differently from Kansas felons is not a logical interpretation of legislative intent. See 294 Kan. at 630-31.

The Kansas courts have continued to follow *Pollard* in the context of determining what constitutes a conviction for purposes of determining criminal history. See *State v. Hankins*, 49 Kan. App. 2d 971, 981-85, 319 P.3d 571 (2014) (finding that a deferred sentence imposed after a defendant's guilty plea in Oklahoma was a conviction for purposes of defendant's criminal history score), *petition for rev. filed* March 19, 2014; *State v. Siesener*, 35 Kan. App. 2d 649, Syl. ¶ 5, 137 P.3d 498 (2005) (criminal history properly included Missouri offense since defendant plead guilty, although he received a suspended imposition of sentence), *rev. denied* 281 Kan. 1381 (2006). Evans cites to no post-*Pollard* opinion that reflects any tendency to alter its holding in that case. See *State v. Reese*, 300 Kan. 650, Syl., 333 P.3d 149 (2014).

Moreover, other states have chosen to apply their own law to determine the effect of out-of-state convictions in a variety of contexts. For example, in *Brown v. Handgun Permit Review Bd.*, 188 Md. App. 455, 486-88, 982 A.2d 830 (2009), the court upheld the denial of Brown's application to renew his handgun permit based upon an out-of-state conviction for which Brown received probation. The Maryland court found the denial was proper because such a conviction would bar a person from receiving a gun permit if the crime had occurred in Maryland. 188 Md. App. at 480-81; see also *State v. Moya,* 141 N.M. 817, 819-21, 161 P.3d 862 (2007) (rejecting the argument that prior conviction of Utah misdemeanor could not be treated as a felony conviction; New Mexico law controlled whether conviction was misdemeanor or felony); *State v. Menard*, 888 A.2d 57, 61 (R.I. 2005) (defendant was properly convicted of unlawful possession of a firearm because his prior Arizona conviction for arson was a "'crime of violence'" under Rhode Island law); *Farnsworth v. Com.*, 43 Va. App. 490, 496-98, 599 S.E.2d 482 (2004), *aff'd* 270 Va. 1, 613 S.E.2d 459 (2005) (defendant could be convicted of unlawful possession of a firearm by a felon based on West Virginia felony, even though defendant's civil

rights were restored under West Virginia law), *overruled on other grounds by Gallagher v. Commonwealth*, 284 Va. 444, 732 S.E.2d 22 (2012). As the *Menard* court noted, it would be absurd to assume that "our Legislature intended to accord another state's lawmakers the ability to determine the propriety of firearm prosecutions in Rhode Island." 888 A.2d at 61.

Even the Missouri courts have recognized that not all collateral consequences from a guilty plea and SIS can be avoided under various circumstances. For example, in *Roe v. Replogle*, 408 S.W.3d 759, 766-67 (Mo. 2013), the Missouri Supreme Court held that for purposes of the federal sex offender registration act, see 42 U.S.C. §16901 (2012) *et seq.*, Roe's guilty plea and SIS counted as a conviction *under federal law* and the federal statute requiring registration was constitutional. Likewise, the criminal file constitutes an open record accessible to the public until probation is complete and the court discharges the defendant. *State v. Seay*, 330 S.W.3d 823, 827 (Mo. App. 2011).

The prevailing weight of Kansas law calls for the reinstatement of the charges against Evans. In light of the undisputed evidence that Evans had pled guilty to and was found guilty of possession of marijuana and various drug-related felonies in Missouri, the State has established the element of the required predicate offenses for criminal possession of a firearm and possession of marijuana (second offense). The *Pollard* court made it clear that Kansas law controls the determination of what constitutes a conviction for predicate offenses. Kansas statutes clearly define a conviction as including a proceeding where a defendant pleads guilty and is found guilty by a tribunal as a result of the plea, K.S.A. 2013 Supp. 21-5111(d), even if a sentence has not yet been imposed. See *State v. Holmes*, 222 Kan. 212, 213-14, 563 P.2d 480 (1977) (defendant who pled guilty to and was found guilty of a felony could be charged with criminal possession of a firearm even though he had not yet been sentenced on the predicate felony).

11

The Kansas Legislature is entitled to determine its own standards of what conduct constitutes a crime in Kansas. Accordingly, whether Evans' criminal prosecution was considered final for appeal purposes in Missouri is irrelevant. See 222 Kan. at 213-14. Whether Evans' actions would constitute criminal possession of a firearm in Missouri also is irrelevant. While the Kansas Legislature has deferred to the law of other jurisdictions for purposes of determining whether a prior conviction is a felony or misdemeanor, see K.S.A. 2013 Supp. 21-6811(e), Evans cites to no other provision where the legislature has deferred to another state's law for determining any other aspect of our criminal code. Accordingly, the district court erred in using Missouri law in determining whether Evan's crimes in Missouri constituted convictions in this case.

We, therefore, reverse the district court's order dismissing the charges.

Reversed and remanded.

12