NOT DESIGNATED FOR PUBLICATION

No. 121,187

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEROYALE A. JOHNSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; CHERYL A. RIOS, judge. Opinion filed September 18, 2020.
Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for
appellee.

Before BUSER, P.J., HILL and WARNER, JJ.

PER CURIAM:  Deroyale Johnson appeals his conviction of criminal possession of a
weapon, challenging the sufficiency of the evidence proving that offense. He also argues
for the first time on appeal that K.S.A. 2019 Supp. 21-6304, which makes it illegal for a
person with a recent felony conviction to possess a firearm, violates section 4 of the
Kansas Constitution Bill of Rights. After carefully reviewing the evidence and the
arguments properly before us, we affirm Johnson's conviction.

1

FACTUAL AND PROCEDURAL BACKGROUND

On October 15, 2017, two Topeka police officers pulled over a pickup truck with a missing headlight. Before the officers pulled up behind the truck, the driver, Johnson, got out and began walking away. Johnson eventually returned to the truck after one of the officers, Officer Raymond Marsh, asked him to stop multiple times. When Johnson returned, the officers handcuffed him, and Officer Marsh patted him down. Johnson was carrying a loaded Smith & Wesson .38 caliber revolver in his back pocket. The other officer, Officer Brady Qualls, unloaded the ammunition from the revolver.

Officer Marsh provided Johnson's information to dispatch and learned that he had been convicted of a felony in 2014 (and thus was prohibited from carrying a firearm). Johnson told Officer Qualls that Johnson's friend, Tina Petonquot, had asked him to take the gun to his house for safekeeping.

The State charged Johnson with criminal possession of a weapon. At trial, the State showed body-camera footage from the incident and introduced a redacted journal entry documenting Johnson's 2014 felony conviction for interference with law enforcement. Officers Marsh and Qualls described the loaded revolver found in Johnson's pocket. But for procedural reasons, the district court excluded the actual gun found on Johnson from being admitted into evidence.

The jury found Johnson guilty of criminal possession of a weapon. He now appeals.

DISCUSSION

Johnson challenges the sufficiency of the evidence supporting his conviction for criminal possession of a weapon in two respects. First, he argues that because the actual gun found on his person was not entered into evidence, the State did not prove he

2

possessed a firearm. Second, he contends the State produced no evidence of whether his 2014 felony conviction involved a firearm and thus failed to prove an element of the crime charged. And for the first time on appeal, Johnson challenges the constitutionality of the criminal-possession statute under section 4 of the Kansas Constitution Bill of Rights.

For the reasons we discuss below, Johnson's claims do not prevail. The body-camera footage and officer testimony showed the .38 caliber revolver Johnson possessed was a firearm; the State was not required to produce the actual gun to prove criminal possession of a weapon. And Johnson's claim regarding the elements of that offense is not supported by Kansas statutes or caselaw. Finally, we conclude Johnson's failure to raise his constitutional argument before the district court—particularly in light of the Kansas Supreme Court's recent statements regarding the requirements for articulating and presenting claims under the Kansas Constitution—precludes our review of that claim.

1. *Sufficient evidence supports Johnson's conviction.*

Appellate judges are not present at trial to hear witnesses' testimony, to observe their demeanor, or to weigh that testimony against the other evidence presented at trial. Thus, when a defendant in a criminal case challenges his or her conviction by questioning the sufficiency of the evidence presented, appellate courts defer to the jury's factual findings, "'reviewing all the evidence in a light most favorable to the prosecution.'" *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018). We "'do not reweigh evidence, resolve evidentiary conflicts, or make witness credibility determinations.'" 307 Kan. at 668. And appellate courts will not set aside a conviction for insufficient evidence when we are "'convinced a rational factfinder could have found the defendant guilty beyond a reasonable doubt.'" 307 Kan. at 668.

Yet "there must be evidence supporting each element of a crime." *State v. Kettler*, 299 Kan. 448, 471, 325 P.3d 1075 (2014). The State bears the burden of proving each element, but it need not rely on direct evidence to do so. Rather, a conviction of even the gravest offense may be based entirely on circumstantial evidence. *State v. Logsdon*, 304 Kan. 3, 25, 371 P.3d 836 (2016).

Johnson brings two challenges to the sufficiency of the evidence underlying his conviction for criminal possession of a weapon:

- He claims the State failed to prove that he possessed a firearm, as the State neither produced the .38 caliber revolver as evidence nor demonstrated it was actually a weapon—that is, that it was capable of being fired.

- He argues that the statute giving rise to his conviction only applies when a person has committed an earlier felony without using a firearm, and the State failed to introduce any evidence as to whether Johnson used a gun in his 2014 felony.

Having reviewed each of these claims, we conclude there was sufficient evidence presented at trial to support Johnson's conviction.

> 1.1. *The State presented evidence that Johnson possessed a firearm—a Smith & Wesson .38 caliber revolver.*

K.S.A. 2019 Supp. 21-6304(a) prohibits individuals convicted of a felony from possessing a weapon—that is, a firearm or a knife. K.S.A. 2019 Supp. 21-6304(c)(2). A "firearm" is "any weapon designed or having the capacity to propel a projectile by force of an explosion or combustion." K.S.A. 2019 Supp. 21-5111(m). The officers testified that Johnson was found carrying a loaded Smith & Wesson revolver. This testimony is sufficient to support the jury's finding that Johnson had possessed a firearm within the

4

meaning of K.S.A. 2019 Supp. 21-6304. See *State v. Pelzer*, 230 Kan. 780, 782, 640 P.2d 1261 (1982) ("Any handgun which is designed to propel a projectile is a firearm.").

Johnson argues that Kansas law required the State to prove something further—to show that the gun the officers found could actually fire a projectile. But this assertion is unfounded. The Kansas Supreme Court has held that the State need not make a specific showing of a weapon's capability of firing to sustain a conviction for criminal possession of a weapon. *State v. Omo*, 199 Kan. 167, 174, 428 P.2d 768 (1967), *abrogated on other grounds by State v. McCullough*, 293 Kan. 970, 270 P.3d 1142 (2012). And "[e]vidence establishing that a weapon [is] an operating instrument and capable of firing a bullet [is] not necessary to support a conviction." *State v. Boster*, 4 Kan. App. 2d 355, 359, 606 P.2d 1035 (1980); see also *Pelzer*, 230 Kan. at 782 ("A firearm is to be determined by its design or by its capacity to propel a projectile. . . . Any present disrepair which might render it inoperable does not make it any less a firearm."). Nor was it necessary to call expert witnesses regarding the revolver's design or its ability to fire. See *United States v. Jones*, 907 F.2d 456, 460 (4th Cir. 1990), *cert. denied* 489 U.S. 1029 (1991).

And contrary to Johnson's assertion on appeal, the State was not required to enter the gun itself into evidence. See *State v. Harwick*, 220 Kan. 572, 578, 552 P.2d 987 (1976) ("There is no requirement that the firearm itself be produced for the jury's inspection to support a conviction" of criminal possession of a weapon.). The officers' testimony—which was corroborated by Petonquot's testimony that she had asked Johnson to go "pick up a firearm" for her—was sufficient to prove this element of the crime.

    1.2.    *K.S.A. 2019 Supp. 21-6304 does not require the State to prove whether Johnson's 2014 felony was committed while he possessed a firearm.*

Johnson's second challenge to the sufficiency of the evidence for his conviction is more fittingly described as a question of statutory interpretation. He claims that the statutory section that defines criminal possession of a weapon in his case—K.S.A. 2019

Supp. 21-6304(a)(2)—only applies (1) to individuals who have been convicted of a felony within the past five years (2) when that felony did not involve a firearm. Johnson argues that the State presented no evidence as to whether he used a gun when committing the crime that led to his 2014 conviction, and the State thus failed to prove this element of the offense.

Statutory interpretation is a legal question over which we exercise unlimited review. *State v. Evans*, 51 Kan. App. 2d 168, 171, 343 P.3d 122 (2015), *rev. denied* August 30, 2016. In this case, our analysis begins and ends with the plain text of K.S.A. 2019 Supp. 21-6304. See *State v. Keel*, 302 Kan. 560, Syl. ¶ 6, 357 P.3d 251 (2015) (when statutory language is clear, courts do not resort to other tools of statutory construction).

K.S.A. 2019 Supp. 21-6304(a) sets forth three timeframes that might apply in determining whether someone has criminally possessed a weapon:

- A defendant may *never* possess a weapon if he or she has ever been convicted of a person felony (or a substantially identical crime to one Kansas classifies as a person felony) and "was found to have been in possession of a firearm" when that previous crime was committed. K.S.A. 2019 Supp. 21-6304(a)(1).

- A defendant may not possess a weapon *for 10 years* from a felony conviction of one of several enumerated violent crimes (none of which apply here) or a nonperson felony committed while the defendant was in possession of a firearm. K.S.A. 2019 Supp. 21-6304(a)(3).

- A defendant may not possess a weapon *for five years* from a felony conviction for all felonies that do not fall into one of those other categories—in other words,

when he or she has been convicted of an otherwise unlisted felony while not in possession of a firearm. K.S.A. 2019 Supp. 21-6304(a)(2).

As this discussion demonstrates, the prohibition against possessing a weapon in K.S.A. 2019 Supp. 21-6304(a) applies to fewer and fewer offenses as time passes from the date of a person's felony conviction. Anyone convicted of a felony—regardless of his or her crime of conviction—is prohibited from possessing a weapon for five years. After five years, this prohibition only applies to individuals who have been convicted of felonies included in K.S.A. 2019 Supp. 21-6304(a)(1) and (3). When 10 years have passed, the prohibition only applies to people convicted of person felonies who committed those crimes while possessing a firearm.

Johnson was convicted in 2014 of a felony; the journal entry for that conviction was entered into evidence. Thus, regardless of the specific felony he committed and regardless of whether he committed that crime while possessing a firearm, he violated K.S.A. 2017 Supp. 21-6304 when he was found carrying a revolver three years later in 2017. In other words, there was sufficient evidence to show he was a convicted felon and fell within the reach of the statute.

Johnson nevertheless argues that because the State charged him with a violation of K.S.A. 2019 Supp. 21-6304(a)(2), the five-year prohibition, then the State was required to prove that his crime fell within the scope of that provision. Under his reading, the State was required to prove (1) that Johnson had been convicted of "a felony, other than those listed in (a)(3)(A)," within the last five years and (2) that he "was not found to have been in possession of a firearm at the time of the commission of the crime." K.S.A. 2019 Supp. 21-6304(a)(2). But we have long rejected this argument, finding the State is not required to prove a negative (that the crime was committed while he did not possess a gun). See *State v. Johnson*, 25 Kan. App. 2d 105, 108, 959 P.2d 476, *rev. denied* 265 Kan. 888 (1998). And Johnson's argument would require us to read subsection (a)(2) in isolation,

7

removing it from its context—which we will not do. See *State v. Smith*, 311 Kan. 109, 114, 456 P.3d 1004 (2020) (courts must read the provisions of a statute in pari materia and in a manner to avoid unreasonable or absurd results).

It is true, as Johnson points out, that the jury was instructed using language from K.S.A. 2019 Supp. 21-6304(a)(2) stating the State was required to prove that Johnson "was not found to be in possession of a firearm at the time of the prior crime." But this instruction was not an accurate statement of Kansas law or the State's burden of proof. When a legally superfluous instruction is given without objection—as was the case here—the defendant must show clear error. See *In re Care & Treatment of Thomas*, 301 Kan. 841, 849, 348 P.3d 576 (2015); see also *State v. Bailey*, 292 Kan. 449, 459, 255 P.3d 19 (2011) (including "superfluous language" in an instruction is harmless when there was overwhelming evidence of the defendant's guilt). This means "'the defendant must firmly convince the appellate court that the giving of the instruction would have made a difference in the verdict.'" *State v. Cooper*, 303 Kan. 764, 771, 366 P.3d 232 (2016). Johnson has not made this showing.

Johnson was found in possession of a (loaded) revolver three years after his conviction for a felony. There was sufficient evidence presented to the jury to support his conviction of criminal possession of a weapon.

2. *We do not reach the merits of Johnson's constitutional argument, which was not raised or developed below and does not lay the requisite foundation for a claim under the Kansas Constitution.*

Johnson also argues that even if the evidence was sufficient to convict him of criminal possession of a weapon, we should nevertheless reverse that conviction on a constitutional basis. In particular, he argues that K.S.A. 2019 Supp. 21-6304 violates section 4 of the Kansas Constitution Bill of Rights, which states in relevant part: "A

person has the right to keep and bear arms for the defense of self, family, home and state, for lawful hunting and recreational use, and for any other lawful purpose."

In his brief on appeal, Johnson acknowledges that he did not raise this constitutional argument—either as a facial challenge or as the statute applies to him—before the district court. "Generally, constitutional claims cannot be raised for the first time on appeal." *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018). Thus, Johnson can only bring his claim if he demonstrates it "involves only a question of law arising on proved or admitted facts" or that consideration of his claim "is necessary to preserve the ends of justice or to prevent the denial of fundamental rights." *State v. Perkins*, 310 Kan. 764, Syl. ¶ 2, 449 P.3d 756 (2019). Although Johnson argues that both exceptions apply, we disagree and find that his claim is not properly before us.

In discussing the first exception to our preservation requirement, Johnson asserts that the interpretation of section 4 of the Kansas Constitution Bill of Rights and the constitutionality of K.S.A. 2019 Supp. 21-6304 are both questions of law. And he asserts that because the facts relevant to his conviction were decided by trial, there are no additional facts that need to be developed. Thus, he argues, we may reach the merits of his constitutional claim, which will lead to either upholding or reversing his conviction based on the constitutional stature of the challenged statute.

But constitutional questions do not always involve purely legal determinations. Though the ultimate decision as to whether a law infringes some constitutional provision is a question of law, constitutional questions—especially novel claims that have not been before considered—often involve considerable factual development and require the determination of multiple legal questions along the way. To decide the merits of Johnson's constitutional claim, this court would need to determine—at a minimum—whether section 4 provides coextensive protection to the Second Amendment to the United States Constitution. This is particularly important here because in *District of*

*Columbia v. Heller*, 554 U.S. 570, 626, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008), the Supreme Court's seminal decision on the scope of the Second Amendment, the Court emphasized that the Second Amendment does *not* prohibit restrictions on felons' possession of firearms. See 554 U.S. at 626 ("nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons").

For claims brought under the Kansas Constitution, the Kansas Supreme Court has indicated that anyone advocating a different reading of a Kansas constitutional provision from its federal counterpart must "explain why [Kansas courts] should depart from [their] long history of coextensive analysis of rights under the two constitutions." *State v. Boysaw*, 309 Kan. 526, 538, 439 P.3d 909 (2019). Thus, Johnson must articulate something in "the history of the Kansas Constitution or in our caselaw that would suggest a different analytic framework" should apply to distinguish section 4 from the Second Amendment. 309 Kan. at 536.

Johnson's brief points to textual differences in the federal and state charters and the fact that section 4 was amended in 2010. But textual differences in and of themselves are not sufficient to evince a difference in constitutional meaning. See 309 Kan. at 536-38 (rejecting the argument that sections 10 and 18 of the Kansas Constitution Bill of Rights provide greater protection than the federal Due Process Clause, despite marked textual differences between them). And Johnson provides no reason why the 2010 amendment to the Kansas Constitution, adopted less than two years after *Heller* held that the Second Amendment conferred an individual right to bear arms, aimed to provide different protections than existing federal law. See *Heller*, 554 U.S. at 595. Our analysis of such a question would require historical development not found in the record before us.

Nor does Johnson provide any factual, historical, or legal reason why Kansans intended the protections of the Kansas Constitution to apply more broadly to persons convicted of felonies than the United States Constitution does. Indeed, section 4's

language recognizing an individual right to bear arms for "any . . . lawful purpose" appears to cut against Johnson's broad reading. In short, the first exception under *Perkins* does not tip in favor of wading into these arguments without additional factual, historical, and legal development.

Turning to the second exception, Johnson argues that the right to bear arms under section 4 is a "fundamental right" and therefore "reviewable at any time." But the fact that an argument is based on a right contemplated by the federal or state Bill of Rights does not mean, as a matter of course, that it need not be raised before the district court. Indeed, courts often decline to review constitutional arguments because those arguments were not raised or preserved below. See *Daniel*, 307 Kan. at 430 (declining to review unpreserved challenge under the Ex Post Facto Clause to offender registration statutes); *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015) (declining to review unpreserved due-process claims to a plea agreement); see also *State v. King*, 288 Kan. 333, 204 P.3d 585 (2009) (declining to consider an alleged violation of the defendant's Fifth Amendment rights when there had been no contemporaneous objection to the potentially infringing testimony). For *Perkins*' second exception to apply, Johnson must demonstrate that his conviction for criminal possession of a weapon "offend[s] [some] principle of justice so rooted in the traditions and conscience of the people of this state that it may be deemed fundamental." *Boysaw*, 309 Kan. at 536. He has not done so.

Of course, even if an exception would support a decision to review a new claim on appeal, we have no obligation to do so. *State v. Parry*, 305 Kan. 1189, 1192, 390 P.3d 879 (2017). But under these circumstances, we conclude that Johnson has failed to show that either exception justifies our review of this constitutional issue. Accordingly, we invoke the general rule that constitutional issues may not be raised for the first time on appeal and decline review. See *Daniel*, 307 Kan. at 430.

Affirmed.

11