IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 111,226

STATE OF KANSAS,
*Appellee*,

v.

BARBARA ANNEMARIE HILL,
*Appellant.*

SYLLABUS BY THE COURT

Non-sex offenders seeking to avoid retroactive application of provisions of the Kansas Offender Registration Act (KORA) must, in order to satisfy the "effects" prong of the test set forth in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69, 83 S. Ct. 554, 9 L. Ed. 2d 644 (1963), produce a record that distinguishes—by the "clearest proof"—KORA's effect on those classes of offenders from the Act's effects on sex offenders as a class.

Review of the judgment of the Court of Appeals in an unpublished opinion filed May 8, 2015. Appeal from Crawford District Court; LORI A. BOLTON FLEMING, judge. Opinion filed August 11, 2017. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, was on the briefs for appellant.

*Michael Gayoso, Jr.,* county attorney, and *Derek Schmidt,* attorney general, were on the brief for appellee.

The opinion of the court was delivered by

STEGALL, J.:  Barbara Annemarie Hill entered an *Alford* plea to one count of possession of pseudoephedrine with intent to manufacture and one count of possession of methamphetamine. At the time she committed these offenses—May 2, 2010—the law required persons convicted of such crimes to register as a drug offender, "unless the court ma[de] a finding on the record that the possession of such product was intended to be used to manufacture a controlled substance for [Hill's] personal use." K.S.A. 2009 Supp. 22-4902(a)(11)(B). At the time of her sentencing in December 2012, however, the Kansas Legislature had removed the personal use exception. See K.S.A. 2012 Supp. 22-4902(f)(2); see also L. 2011, ch. 95, sec. 2.

Hill asked the court to apply the pre-2011 version of KORA and make a finding that she possessed pseudoephedrine with the intent to manufacture methamphetamine for her personal use. The State argued that the current version of the statute retroactively applied to Hill, though it conceded that if the pre-2011 version applied, Hill would not be required to register because it would stipulate that she had manufactured methamphetamine for both sale to others and for personal use. See *State v. Mishmash*, 295 Kan. 1140, 290 P.3d 243 (2012) (holding that defendant who had been convicted of unlawful manufacture of a controlled substance was not required to register where the defendant was manufacturing the controlled substances for both personal use and for sale to others).

The court held a nonevidentiary hearing and, after taking the matter under advisement, filed a journal entry stating that the 2011 amendments to KORA applied to Hill and she was required to register. Hill appealed the district court's order regarding her registration requirement. The Court of Appeals ultimately held that the "duty to register is

2

a civil penalty, not punitive, and retroactive application does not violate the Ex Post Facto Clause of the United States Constitution." *State v. Hill,* No. 111,226, 2015 WL 2342392, at *2 (Kan. App. 2015) (unpublished opinion). We granted her petition for review.

We recently analyzed KORA in this context using the intent-effects test set forth by the United States Supreme Court and concluded lifetime sex offender registration does not constitute "punishment" for purposes of applying any provision of the federal Constitution. *State v. Petersen-Beard*, 304 Kan. 192, 198-209, 377 P.3d 1127 (2016) (relying on the factors set forth in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69, 83 S. Ct. 554, 9 L. Ed. 2d 644 [1963]). We therefore held that the 2011 version of KORA could not violate federal prohibitions against cruel and unusual punishment. See 304 Kan. at 208. And not long ago, we "explicitly extend[ed] the holding of *Petersen-Beard* to apply to ex post facto challenges." *State v. Reed*, 306 Kan. ___, ___ P.3d ___ (No. 110,277, filed August 4, 2017), slip op. at 8.

Therefore, to prevail, Hill must demonstrate that drug offenders as a class are sufficiently distinguishable from the class of sex offenders such that the effects of the law become punitive rather than civil when applied to drug offenders. We recently confronted this question in *State v. Meredith*, 306 Kan. ___, ___ P.3d ___ (No. 110,520, filed August 4, 2017). In that case, we declined to hold that KORA registration is punishment where "the record . . . is insufficiently developed for [the defendant] to persuasively argue KORA's allegedly punitive effects on drug offenders as a class separate and distinct from sex offenders." *Meredith*, 306 Kan. at ___, slip op. at 6; see *Smith v. Doe*, 538 U.S. 84, 92, 123 S. Ct. 1140, 155 L. Ed. 2d 164 (2003) ("Because we 'ordinarily defer to the legislature's stated intent,' [citation omitted] '"only the clearest proof" will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty,' [citations omitted]."); see also *State v. Myers*, 260 Kan. 669, 923 P.2d

3

1024 (1996) (holding that the legislature's intent in enacting KORA was to create a nonpunitive civil regulatory scheme); *Doe v. Thompson*, 304 Kan. 291, 373 P.3d 750 (2016) (upholding *Myers'* determination that the legislature intended to enact a nonpunitive scheme), *overruled on other grounds by Petersen-Beard*, 304 Kan. 192. We further explained in *Meredith* that such an inquiry "requires a robust record because the effects prong of the applicable legal test obliges an appellate court to premise its legal conclusion on at least some fact-intensive questions." *Meredith,* 306 Kan. at ____, slip op. at 10.

Hill's claim suffers from the same flaw. She is unable to satisfy the "clearest proof" standard because the record below has not been sufficiently developed. As a result, we cannot—at this time—hold that KORA's registration requirements as applied to drug offenders are punishment and subject to the limitations of the Ex Post Facto Clause.

Affirmed.

\*\*\*

BEIER, J., dissenting: Consistent with my votes in *State v. Petersen-Beard*, 304 Kan. 192, 377 P.3d 1127 (2016); *State v. Reed*, 306 Kan. ___, ___ P.3d ___ (No. 110,277, filed August 4, 2017); and *State v. Meredith*, 306 Kan. ___, ___ P.3d ___ (No. 110,520, filed August 4, 2017), I respectfully dissent from the majority's decision in this case. "Kansas' requirement of offender registration—especially in its modern, maximally invasive, maximally pervasive, and infinitely more public incarnation—is punishment, certainly in effect if not in intent. It is no less so for a drug offender than for a sex offender or a violent offender. It is no less so when the Ex Post Facto Clause is before us

than when *Apprendi* or the Eighth Amendment is before us." *Meredith*, 306 Kan. at ___, slip op. at 11-12 (Beier, J., dissenting).

ROSEN and JOHNSON, JJ., join the foregoing dissent.